ALBANY,
Jan. 1813.

FOWLER *against* HAIT.

FOWLER
v.
HAIT.

IN ERROR, on *certiorari*, from a justice's court. *Hait* brought an action against *Fowler*, before the justice, for the breach of a contract in the sale or exchange of a horse. The defendant pleaded the general issue, and being asked if he had any account or demand to set off, he answered that he had no account or demand to offer. The plaintiff demanded a trial by jury. At the trial, the defendant offered a certificate of another justice, of a former trial, before him, between the same parties. The plaintiff objected, that the certificate ought to have been pleaded at the time issue was joined, and that it had not the certificate of the clerk of the county endorsed that the person signing it was a justice of the peace; and the justice, thereupon, rejected the evidence. The defendant offered the justice, before whom the former trial was had, as a witness to prove it; but the court below rejected the witness. Several witnesses were examined on both sides, and the special agreement, and breach of it, were proved. There was a verdict for the plaintiff, for 15 dollars, on which the justice gave judgment.

*In an action before a justice, the defendant cannot, at the trial, set up in bar a former trial and judgment between the same parties, before another justice, unless he has pleaded or given notice of the matter, at the time of joining issue in the cause.*

*Fisk*, for the plaintiff in error.

*Sudam*, contra, cited 1 *Johns. Rep.* 283. 5 *Johns. Rep.* 351.

*Per Curiam.* The defendant having omitted to plead, or give notice of the former trial and judgment, was precluded from giving evidence of it, at the trial. It would produce surprise on the part of the plaintiff, and injustice, if the defendant were allowed to set up, at the trial, special matter in bar, of which no notice had been previously given to the plaintiff. The judgment must be affirmed.

Judgment affirmed.(*a*)

(*a*) See *Waring* v. *Lockwood*, *ante*, p. 108.