ALBANY,
Feb. 1827.

Coles
v.
Carter.

### COLES *against* CARTER.

ASSAULT and battery, tried at the *New-York* circuit, *October 13th*, 1825, before EDWARDS, C. Judge.

The plea was not guilty, with notice of *son assault de-mesne*, and *molliter manus imposuit*, in defence of the defendant's possession.

After proof had been given at the trial, touching the assault, the defendant offered in evidence the record of a former recovery by him for an assault and battery, in an action in the common pleas of *New-York*, by the defendant against the plaintiff, and one *Clason*, in which the very question now in controversy was tried. The record was objected to as not between the same parties ; and because it was not pleaded in this action. The judge, however, received it. The weight of evidence was decidedly in favor of the identity of the question in the two actions of assault and battery, and that the points of trial were the same in both suits ; but the judge left this (among other questions of fact) to the jury, who found for the plaintiff.

A motion was now made in behalf of the defendant, for a new trial, on the ground, (among others,) that the jury should have found for the defendant, upon the evidence of the former recovery.

*J. Anthon*, for the motion, relied on *Gardner* v. *Buckbee*, (3 *Cowen*, 120,) and *Burt* v. *Sternburgh*, (4 *Cowen*, 559,) as conclusive upon this point.

*S. G. Raymond*, contra, denied the application of those cases. He said, the first was in assumpsit, where special pleading is almost entirely dispensed with ; and in the latter no question of pleading was raised. The rule is different in trespass and assumpsit. In trespass, it is well settled, that a former recovery must always be pleaded. (3 *Burr*. 1353.)

*Curia*, per SAVAGE, Ch. J. In the cases of *Gardner* v. *Buckbee*, (3 *Cowen*, 120,) and *Burt* v. *Sternburgh*, (4

*A former recovery is not admissible evidence under the general issue, in an action of trespass ; e. g. an action of assault and battery.*

*Whether it is otherwise in an action on the case, or assumpsit ? Quere.*

*Cowen,* 559,) the rule, was recognized as sound law, which was very deliberately settled by the twelve judges in the *Dutchess of Kingston's* case ; that the judgment of a court of concurrent jurisdiction, directly upon the point in issue, is, as a plea, a bar, or, as evidence, conclusive between the same parties, upon the same matter directly in question in another court.

If the jury, in this case, by their verdict, intended to negative the fact of the transaction being the same, it is certainly a verdict against evidence. But if the record was improperly admitted, and that testimony be stricken from the case, then the verdict is sustained by the evidence.

The important question, therefore, is, whether the evidence was admissible under the general issue ; for it is not embraced by the notice. The defendant's counsel contends that this point has been settled in the two cases referred to ; but, in the latter case, the point could not arise ; and though it was raised in the first, yet *Woodworth,* justice, who gave the opinion of the court, expressly declined deciding it. But if it had been decided in that case, the decision would not govern this. That was assumpsit : this is trespass. In *Bird* v. *Randall,* (3 *Burr.* 1353,) lord *Mansfield* took a distinction between actions on the case, and actions for torts. He says, a former recovery, release, or satisfaction, cannot be given in evidence in actions for torts ; but must be pleaded. But an action on the case is founded on the mere justice and conscience of the plaintiff's case, and is in the nature of a bill in equity ; and in effect is so ; and therefore in such a former recovery, &c. need not be pleaded, but may be given in evidence. *Chitty* adopts the same distinction. (1 *Chit. Pl.* 472, 475, 496.)

This court has often decided, in actions on contract, that a former recovery must be pleaded. In *Fowler* v. *Hait,* (10 *John.* 111,) the court say, " The defendant, having omitted to plead or give notice of the former trial and judgment, was precluded from giving evidence of it at the trial." So also in *Dexter* v. *Hazen,* (10 *John.* 246,) and in *Brown* v. *Wilde,* (12 *John.* 455.) These were all actions

on the case ; the two first on contract, the last for fraud. They were also in a justice's court, where, at least, as great latitude in pleading is permitted, as in the higher courts. In *Lyon* v. *Tallmadge*, (14 *John.* 511,) on an appeal from chancery, *Spencer*, justice, says, " the decree in the former cause, to have been available, should have been pleaded, or relied on in the answer as a bar."

From all these cases, it seems to be settled, that evidence of a former recovery cannot be admitted under the general issue, at least, in trespass. I am of opinion, therefore, that the motion for a new trial be denied.

New trial denied.