By the Court,

Bronson, J.
Although in point of form, the plea of non-assumpsit puts nothing in issue but the making of the promise, it has been long settled that nearly every defence is admissible under that plea which shows that there was not a subsisting cause of action at the time the suit was brought. Tender and set-off, which must be pleaded specially, are not exceptions to the rule, because those defences admit a good cause of action. There are some defences arising by operation of law, as a bankrupt or insolvent’s discharge, and the statute of limitations, which are exceptions to the general rule. But there are other defences of the same character which need not be specially pleaded. (Clark v. Yale, 12 Wend. 470.) When the bar arose by the act or assent of the plaintiff, there is, I think, no case where the matter may not be given in evidence under the plea of nonassumpsit. I am aware that there is one decision and some dicta in our books to the contrary; but they stand opposed to the whole current of authority. In Fowler v. Hait, (10 John. 111,) the action was upon contract, and evidence of a former trial and judgment between the same parties was held inadmissible under the general issue. The same thing was said in Dexter v. Hazen, (10 John. 246,) and Brown v. Wilde, (12 id. 455;) but in neither of these cases was the point necessarily involved in the decision. No authority was cited, and the only reason assigned for the decision in Fowler v. Hait, was, that “it would produce surprise on the part of the plaintiff, and injustice, if the defendant were allowed *480 to set up, at the trial, special matter in bar of which no notice had been previously given to the plaintiff.” That reason applies in all its force to every case where the defence admits a valid promise, and sets up some new matter in discharge of the action, such as payment, release, foreign attachment, accord and satisfaction, arbitrament, and the like; and • I need not cite cases to prove that these defences are admissible under the plea of non-assumpsit. The point has been decided, and the objection upon which the decision turned in Fowler v. Halt, has been disregarded a hundred times. That case was virtually overruled in Wilt v. Ogden, (13 John. 56,) and Sill v. Rood, (15 John. 230,) where the decision went upon the general doctrine, that “ matters in discharge of the action, which show that at the time of the commencement of the suit the plaintiff had no subsisting cause of action, may be taken advantage of under the general issue.” The court cited Chitty, at the very page where, among other things, he says, a. former recovery for the same cause may be given in evidence under non-assumpsit, without suggesting any doubt that such was the correct rule.
A former recovery for the same cause, or a trial and judgment in relation to the same matter, whichever party may have prevailed, is a good bar to another action; and there is no principle upon which this case can be distinguished from those where other matters in discharge of the action have been admitted under the plea of non-assumpsit. Evidence of a former recovery has repeatedly been held admissible under the general issue; and notwithstanding the case of Vooght v. Winch, (2 Barn. & Aid. 662,) when the evidence is properly received under that issue, it is just as conclusive as though the matter had been specially pleaded by way of estoppel. (Burrows v. Jemino, 2 Strange, 733; Bird v. Randall, 3 Burr. 1353, per Mansfield, Ch. J.; Stafford v. Clark, 2 Bing. 377; Smith v. Wilton, 1 Chitty’s Pl. 513, note (c), ed. of 1837; Young v. Black, 7 Crunch, 565; Gardner v. Buckbee, 3 Cowen, 120; Burt v. Sternburgh, 4 Cowen, 559; Wood v. Jackson, 8 ' Wend *481 35, per Chancellor Walworth; and see Kitchen v. Campbell, 3 Wilson, 304.) (a) In Coles v. Carter, (6 Cowen, 691,) it was held, that a former recovery could not be given in evidence under the general issue; but the action was trespass, where all matters of defence which admit the original wrong must be specially pleaded.
Although it is not now necessary to go more at large into the question, the following positions can, I think, be maintained both upon principle and authority: 1. A former recovery in which the same matter was tried upon the merits, between the same parties, may be given in evidence, without being specially pleaded, wherever the party, whether plaintiff or defendant, had no opportunity to plead the recovery specially. For example, the defendant may give the judgment in evidence under not guilty in ejectment and trover—no other plea being allowed in those actions; and the plaintiff may give the judgment in evidence in answer to any matter of defence which was not specially pleaded, for he had no opportunity to reply the estoppel. 2. The defendant may give the judgment in evidence under the general issue in those cases where other matters in discharge of the action can be proved under that issue; as, in ejectment, assumpsit, and actions on the case, or where he is sued for an act done as a public officer, and is not, therefore, required to plead specially. 3. The judgment is only evidence by way of bar when the same matter was directly in question in the former suit. The record must show that the same matter might have come in question on the former trial, and then the fact that it did come in question, may be shown by proof aliunde. For example, when the suit is upon a promissory note, and the defendant shows a record where the declaration contained the money counts, he may then call witnesses to prove that the note was given in evidence, and its validity tried in that action. 4. A .former recovery for the same cause when properly received in evidence under general pleadings, is *482 just as conclusive upon the court, the jury and. the parties, as it is in those cases where the matter has been specially pleaded.' In other words, the force of the evidence does not depend on the form of the issue under which it is received.
The court below erred in rejecting the evidence which was offered, and there must be a venire de nova.
Judgment reversed.

 See farther, Cowen <$■ Hill’s Notes to Phil. Ev. 804 to 810 ; .also id. 971.