## GUSTAVUS PERKINS *v.* HENRY W. WALKER.

Where a matter in controversy in a suit has been adjudicated in a former suit between the same parties, parol evidence is admissible to show the *identity*, and then the record of the former recovery, if there have been no opportunity to plead it in the pending suit as an *estoppel*, may be given in evidence, and, as such, will be *conclusive*.

This was an action for slanderous words spoken by the defendant, charging the plaintiff with having stolen certain cloth. The defendant, in pursuance of notice under the general issue, gave evidence tending to prove the truth of the words spoken by him. The plaintiff then gave in evidence a copy of the record of a judgment in his favor in an action of trover, brought by the defendant against him to recover for the alleged taking and conversion of certain cloth; and it was admitted, that the cloth sued for in that action was the same cloth, and all the cloth, in reference to which the

words charged as slanderous were spoken by the defendant. And it was held, that the record in the action of trover was conclusive upon the defendant, both as to the title to the cloth, and as to the defence attempted to be set up by him in justification in this suit.

TRESPASS ON THE CASE for slanderous words. In the first and second counts the slanderous words declared upon purported to charge the plaintiff with having stolen cloth. In the third count the slanderous words purported to charge the plaintiff with having stolen cloth, in the possession of the defendant, belonging to one Atwood. And in the fourth and fifth counts the slanderous words purported to charge the plaintiff with having stolen cloth, in the possession of the defendant, belonging to one Jenny. Plea, the general issue, with notice that the defendant would give in evidence, in justification, the truth of the words spoken, and trial by jury, December Term, 1845,—BENNETT, J., presiding.

On trial the plaintiff gave evidence tending to prove the speaking, by the defendant, of the words charged, and the defendant gave evidence tending to prove that the words spoken were true. The plaintiff then gave in evidence the record of a suit in favor of the defendant against the plaintiff, by which it appeared, that the defendant commenced his action of trover against the plaintiff in this suit for the recovery of the value of a roll of cloth,—in which suit there was a verdict and judgment in favor of the plaintiff in this action at the December Term of the county court, 1841 ; and it was admitted, that the roll of cloth in dispute in that action was the same roll of cloth, and all the cloth, to which the defendant alluded in speaking the words charged in the plaintiff's declaration, and that the point litigated on the trial of the action of trover was, whether the defendant in that action had taken and carried away the roll of cloth sued for, belonging to the plaintiff in that action.

Upon these facts the court decided, that the record in the action of trover was not only conclusive evidence as to the title of the cloth, as between the parties, but was conclusive upon the defendant in regard to the facts set forth in his notice of justification and estopped him from making the defence set forth therein.

The jury returned a verdict for the plaintiff. Exceptions by defendant.

19

*Briggs* and *Prout* for defendant.

1. We admit, as a general rule, that the adjudication of a court of competent jurisdiction upon a particular matter is, as a plea, a bar, or, as evidence, conclusive, between the same parties, as respects the points determined. But to entitle the record in this instance to such an effect, the *identity* of the fact in dispute must appear, and the adjudication had must have been *direct* upon the point raised in the notice of justification. 1 Stark. 201. 1 Salk. 290. 3 Chit. Pl. 928, note *a.* 1 Phil. 321. 3 East 365. 8 Conn. 418. Determining the question with reference to the declaration, the notice and bill of exceptions, these essentials by no means appear.

Again, the point involved in the action of trover related to a mere question of title to the cloth in dispute; 1 Sw. Dig. 583; 2 Phil. 220; *Philips* v. *Robinson,* 4 Bing. 106; *Hansen* v. *Meyer,* 6 East 614; 15 Petersd. 130; the plaintiff, to entitle himself to recover, was bound to show, that the cloth *belonged to him;* 2 Phil. 220. This being the issue, the defendant in that action was at liberty to show, in defence, that he had the title to the cloth, or that it belonged to other persons; 2 Phil. 229; *Laclough* v. *Towle,* 3 Esp. R. 114; *Philips* v. *Robinson,* 4 Bing. 109; *Nathan* v. *Buckland,* 2 J. B. Moore 153. The only effect, then, that should be given to the record, upon principle, is, that it is conclusive only of the title to the cloth *as between the parties.* Now what was the slander charged? That the plaintiff had stolen Atwood's cloth and Jenny's cloth. These were the words spoken; and how the record put into the case could operate to conclude the defendant from claiming that the cloth referred to was the property of those persons and that the defendant stole it, we are unable to perceive.

2. Another rule in regard to this subject is, that the record of a judgment shall not be used as conclusive evidence against a party, when, had the adjudication been the other way, it would not have been evidence for him to the same extent;—that is, the benefit to be derived from the judgment must be *mutual;* 1 Stark. 195–6; B. N. P. 232–3; 4 M. & S. 479; 1 Tr. 86; 3 Greenl. R. 165. Supposing there had been a recovery by the plaintiff in the action of trover, would the record have been conclusive of the defendant's guilt, in reference to the charge of which the plaintiff complains? Clearly, it could have no such effect. Again, the record introduced

in evidence being in an action of a different nature from the present, it was conclusive of nothing that did not appear from the face of it. But the effect the court gave it concluded the defendant of his justification of the words set forth in the third, fourth and fifth counts of the plaintiff's declaration. If the slander charged in those counts is true, and which the defendant justified, it furnishes the very reason why the suit in trover was determined as it was; and that is, that the cloth belonged to other persons besides the defendant.

*Linsley* and *Beckwith* for plaintiff.

1. The points litigated on the trial of the action of trover and the facts attempted to be proved in justification in the action of slander were precisely the same. That a judgment between the same parties, upon the same subject matter, is conclusive as to the private rights of the parties is settled law. *Betts* v. *Starr*, 5 Conn. 550. *Denison* v. *Hyde*, 6 Ib. 508. *Crandall* v. *Gallup*, 12 Ib. 365. *Hopkins* v. *Lee*, 6 Wheat. 409. *Adams* v. *Barnes*, 17 Mass. 365. *Gardner* v. *Bucklee*, 3 Cow. 120. 1 Stark. Ev. 207. *Wood* v. *Jackson*, 8 Wend. 9. *Rice* v. *King*, 7 Johns. 20. *Wright* v. *Butler*, 6 Wend. 284. *Lawrence* v. *Hunt*, 10 Ib. 84.

2. If the defence had assumed the form of a special plea, and the plaintiff had replied the judgment, it would have operated as an estoppel; and when matter of estoppel cannot be pleaded, it may be given in evidence and have the effect of an estoppel. *Isaacs* v. *Clark*, 12 Vt. 692. *Ward* v. *Jackson*, 8 Wend 9. 3 Cow. 207.

The opinion of the court was delivered by

BENNETT, J. There is but a single question in this case, and that is one of very considerable importance. The inquiry is, was the county court correct, in instructing the jury, that the record given in evidence, in connection with the facts admitted on trial, was *conclusive* as to the title of the cloth, and also upon the defendant, in regard to the defence assumed under his notice?

The case shows, that the speaking of the words, which is attempted to be justified, was of and concerning the stealing of the same identical cloth, which was sued for in the action of trover, and that the point litigated on that trial was, whether the defendant had taken and carried away the same cloth.

The authorities are very full, that the judgment of a court of competent jurisdiction, directly on the point, is, *as a plea, conclusive* between the same parties on the same matter directly in question in another action. It operates and is pleaded as an estoppel. It is claimed by the defendant, that, where it is not pleaded, but used simply *as evidence*, it cannot have a *conclusive* effect. It is to be remarked, that the plaintiff could not, in this case, avail himself of the judgment by plea. The defendant having gone into his defence of justification under a notice, the plaintiff could only meet it by evidence. We are not called upon to· determine, what should be the effect of a judgment, where there has been an opportunity of pleading it, but the party omits to plead it, and elects simply to use it as evidence. In such a case it might be said, the estoppel was *waived.* See *Trevivan* v. *Lawrence,* 1 Salk. 276. *Outram* v. *Morewood,* 3 East 365. *Vooght* v. *Winch,* 2 B. & A. 662. *Stafford* v. *Clark,* 2 Bing. 381. *Wilson* v. *Butler,* 4 Bing. N. C. 756. *Isaacs* v. *Clark,* 12 Vt. 692.

I am aware, that there seems to be some discrepancy of opinion in regard to the manner, in which an estoppel shall be made *available* in a case, in which it exists. It has been said, that, to render a verdict conclusive by way of an estoppel, it must be pleaded as such ; and that it must appear upon the record, that the *same* point was directly in issue in the first suit. This may be true, in order that the record may of itself constitute an estoppel. If this does not so appear, it must be averred and proved *aliunde* the record ; and the truth of the averment must be open to the finding of the jury.

In the *Duchess of Kingston's Case,* the principle contained in the opinion of Ch. J. De Grey is, that a judgment on the same matter is, in pleading, *a bar,* in evidence, *conclusive.* In *Aslin* v. *Parkin,* 2 Burr. 665, the judgment in the action of ejectment is expressly stated to be conclusive against the tenant in the subsequent action for *mesne* profits. In *Rex* v. *St. Pancras,* Peake 219, it was held, that a record of conviction against a parish, for not repairing a road, was *conclusive* evidence against them, as to their liability to repair. So in *Strutt* v. *Bovingdon et al.,* 5 Esp. R. 56. Lord Ellenborough said, that, though a record of a former cause could not, in that case, be a legal *estoppel,* so as to conclude the rights of the parties by its production, yet, he says, he should think himself bound to tell the jury to consider it *as conclusive.*

When the question determined by a former jury has come before them as one point among many, raised on the general issue, or upon a general plea in bar, putting in issue a number of facts, it cannot appear from the record what precise point had been determined in the former proceeding. In such a case *parol* evidence is necessary, to show the point passed upon. The *parol* evidence does not, in such case, impeach the record, but is consistent with it. Though you cannot *add to,* or *contradict,* a record by parol evidence, yet you may *explain* it. In *Gardner* v. *Buckbee,* 3 Cow. 120, two notes had been given upon the sale of a vessel; and one of the notes had been prosecuted; and in that action the general issue had been pleaded by the defendant, with notice of a total failure of consideration, by reason of fraud in the sale of the vessel; and upon that ground the defendant succeeded in his defence. In a suit upon the second note, the defendant offered in evidence the record in the former suit; and the court held, that that record, with proof *aliunde* that fraud in the transaction was the ground upon which the verdict was founded, was *conclusive* against the plaintiff. *Burt* v. *Sternburgh,* 4 Cow. 559, adopts the same principle. See also *Wood* v. *Jackson,* 8 Wend. 91, in which the case of *Gardner* v. *Buckbee* received the unanimous approbation of the court of errors,—that court reversing the decision of the supreme court in 3 Wendell. In the case of *Young* v. *Rummell,* 2 Hill 478, the court have gone the length of not requiring an *estoppel* to be pleaded, in order to give it a *conclusive* effect in any case, in which special pleading is not necessary. The English doctrine I conceive to be, that the defendant, by pleading the general issue, *waives* the estoppel, if he might plead it. Such was also the doctrine of the supreme court in New York, in *Fowler* v. *Hait,* 10 Johns. 111, and in *Coles* v. *Carter,* 6 Cow. 691.

Unless *parol* evidence is admissible, for the purpose of connecting the *general estoppel* of a judgment with the *particular* points litigated at the trial, and upon which the verdict of the jury proceeded, the rule, which provides that the same matter shall not be twice drawn into controversy, must loose much of its practical and salutary effect.

Since the enactment of the statute in Massachusetts, abolishing special pleading, it has been held, that a verdict on the same point,

or judgment for the same cause of action, is *conclusive*, as evidence to the jury; since it cannot be taken advantage of in any other way: *Sprague v. Wait*, 19 Pick. 457.

I am aware, that the idea has been countenanced by adjudged cases, that, to constitute a former verdict an *estoppel*, an issue must have been taken, upon the face of the pleadings, upon the *precise* point, which is drawn in question in the second suit; and that it must be pleaded in such suit by way of an estoppel. This may be necessary to constitute a *technical estoppel*. If the pleadings do not show the *precise point* litigated in the former proceedings, the identity of the point in dispute in the two actions must be made out by *parol* evidence; and whether made out, or not, is a question for the jury, under proper instructions from the court. Where the *identity* is fully made out, to hold that the proceedings in the first suit are not *conclusive, as evidence, upon the right*, is to render that axiom of the law, "*Nemo debet bis vexari pro eadem causa*," in a great measure of little practical value.

I do not conceive, that the decision we are now making is at variance with *Vooght v. Winch*, or with *Doe v. Huddart*, 2 C. M. & R. 316, which followed the case of *Vooght v. Winch*, and in which the court of exchequer held, that a judgment in the action of ejectment was not conclusive in the action for *mesne* profits. In both of those cases the court merely decide, that the party, by not pleading the estoppel when he might have done it, *waived it*. In the case of *Vooght v. Winch* it will be found, that each of the judges expressly relied upon this circumstance; and in the case of *Doe v. Huddart* the record in the ejectment might have been replied, by way of an estoppel, to the plea in the action for *mesne* profits. It is true, that, previous to the rules adopted in England in 1834, the plea of *not guilty*, in an action of trespass, put in issue the title, as well as the taking of the *mesne* profits; and it being uncertain whether the defendant intended to deny the plaintiff's title, on which he was alone concluded in the action of ejectment, or to deny merely the taking of the profits, the *estoppel* could not be replied. But under the *new rules* of pleading, the general issue being narrowed, it might be pleaded as an estoppel.

If we understand the meaning of Ch. J. De Grey, when he says, in the *Duchess of Kingston's Case*, that a judgment on the same

point, between the same parties, is, in pleading, a bar, *in evidence, conclusive,* to be, that it is *conclusive* as a plea, where there is *an opportunity of pleading it,* and that, where there is no such opportunity, then *it is conclusive as evidence,* the seeming inconsistency in the cases would, in a great measure, be obviated; in as much as the case of *Vooght* v. *Winch* and other cases proceed upon the express ground, that the defendant might have pleaded the *estoppel.* This was the doctrine of the court in the case of *Trevivan* v. *Lawrence,* Salk. 276 ; and it was followed and fully approved of by the court of common pleas in *Magrath* v. *Hardy,* 4 Bing. N. C. 782,—where it was held, that the estoppel was waived, the defendant having omitted to plead it, as he might have done.

It being admitted, on the trial in the county court, that the slanderous words, which were attempted to be justified, were spoken of and concerning the stealing of the same identical cloth sued for in the action of trover, and that the point litigated and settled was, whether the defendant in that action had taken and carried away the same cloth, there was nothing in this respect to go to the jury ; and the court, with these facts conceded, were right in holding the record in the action of trover *conclusive.*

It need hardly be remarked, that the decision of this court is fully in accordance with the views expressed by the learned judge in giving the opinion of the court in *Gray* v. *Pingry,* 17 Vt. 424.

The result is, the judgment of the county court is affirmed.