JACOB CHASE *v.* SCHOOL DISTRICT NO. 13 IN WILMINGTON.

*Evidence.*

Parol evidence is admissible to prove or disprove the identity of the matter in litiga-
tion with that of a former adjudication.

GENERAL ASSUMPSIT.   Plea, the general issue, and notice.
Trial by jury, September term, 1874, BARRETT, J., presiding.

The plaintiff claimed to recover $13.60 paid by him to one
Donaldson, the defendant's tax collector, on a tax assessed against
the plaintiff on his list of 1871, of personal property only.   It
was agreed that the tax was lawfully assessed and collected, if
the plaintiff was a ratable inhabitant of the district on the 1st day
of April, 1871.   The plaintiff's evidence tended to show that he
was not such inhabitant, and the defendant's evidence tended to
show that he was.   The defendant showed that the plaintiff had
brought suit against said Donaldson before a justice, to recover
the same money, and that on trial thereof, judgment was rendered
against the plaintiff, from which he appealed, but before the ap-
peal was entered in the county court, he paid the defendant's
costs therein, and soon after brought this suit.   The defendant
introduced the justice's record of that suit, which showed that
" the plaintiff presented a specification of a claim against the de-

fendant of $13.60, for a tax paid by plaintiff to defendant on the 22d day of October, 1872, to which specification of plaintiff the defendant plead the general issue, and also gave notice to plaintiff that he should show in his defence that what the defendant did in relation to this tax, he did under and by virtue of a tax-bill and warrant duly and legally issued to him as tax-collector of school district No 13 of the town of Wilmington," and claimed that the judgment rendered therein was conclusive against the plaintiff's right of recovery in this case.  The plaintiff gave evidence, against the defendant's exception, tending to show that the sole ground of defence in that suit was, that Donaldson had paid the money over to the district before suit brought, and that judgment was rendered for Donaldson solely on that ground.

The court instructed the jury, that if the question of whether the plaintiff was liable to be assessed and taxed in the district, was embraced in the decision of the justice, and was in any part the ground of his judgment, that judgment would be a bar to the plaintiff's recovery in this suit; but otherwise, if based solely on the ground that Donaldson had paid the money over to the district before the suit was commenced; and submitted to the jury to find how that was.  Verdict for the plaintiff.

*O. E. Butterfield* and *S. T. Davenport*, for the defendant.

The justice's judgment is conclusive upon the legality of the plaintiff's assessment in the defendant district, and is a bar to this suit.  *Barney* v *Goff et al.* 1 D. Chip. 304 ; *Pierson* v. *Catlin,* 18 Vt. 77 ; *Catlin* v. *Taylor et al.* 18 Vt. 104 ; *Small* v. *Haskins et als.* 26 Vt. 209 ; *Parkhurst* v. *Sumner,* 23 Vt. 538 ; *McGilvray & Co.* v. *Avery,* 30 Vt. 538.

The parol evidence was not admissible.  *Allen* v. *Huntington et al.* 2 Aik. 249 ; *Fry* v. *Cook,* 2 Aik. 342; *Dixon* v. *Sinclear,* 4 Vt. 354 ; *Treasurer of Middletown* v. *Ames et al.* 7 Vt. 166 ; *Preston* v. *Whitcomb,* 11 Vt. 47 ; *Walker* v. *Briggs,* 11 Vt. 84 ; *Nason* v. *Blaisdell,* 12 Vt. 165, 171 ; *Wright* v. *Fletcher,* 12 Vt. 431; *Smith* v. *Crane,* 12 Vt. 487 ; *Spaulding* v. *Chamberlin,* 12 Vt. 538 ; *Atkinson et al.* v. *Allen,* 12 Vt. 619 ; *Barnard* v. *Flanders,* 12 Vt. 657 ; *Isaacs* v. *Clark,* 12 Vt. 692 ; *Gibbs & Boies* v.

*Linsley*, 13 Vt. 208; *Beech* v. *Rich*, 13 Vt. 595; *Pike* v. *Hill*, 15 Vt. 183; *Sherwin* v. *Bugbee*, 17 Vt. 337; *Parkhurst* v. *Sumner*, 23 Vt. 538; *Hubbard* v. *Fisher*, 25 Vt. 539; *Eastman & Page* v. *Waterman*, 26 Vt. 494; *Farr* v. *Ladd et al.* 37 Vt. 156; *Lindsey* v. *Danville*, 46 Vt. 144.

*C. N. Davenport, H. N. Hix,* and *H. W. Brigham,* for the plaintiff.

We admit that the judgment of a court of competent jurisdiction, upon a point directly in issue, is conclusive upon the parties to that issue, and their privies, whenever the same matter comes in issue between the same parties or their privies, in a subsequent judicial proceeding. 1 Greenl. Ev. § 528, *et seq.; Duchess of Kingston's Case,* 2 Lead. Cas. 478; *Trevivian* v. *Lawrence,* Ib. 486; *Outram* v *Morewood,* 3 East, 346; *Hopkins* v. *Lee,* 5 Pet. Cond. 23; *United States* v. *Nourse,* 9 Pet. 28; *Chamberlain* v. *Carlisle,* 26 N. H. 551; *Haywood* v. *Bath,* 38 N. H. 183; *Parks* y. *Moore,* 13 Vt. 183; *Perkins* v. *Walker,* 19 Vt. 144; *Town* v. *Lamphire,* 34 Vt. 365; *Spencer et al.* v. *Dearth,* 43 Vt. 98, 104. This rule is founded upon the maxim—*interest reipublicæ ut sit finis litiam.* Before the rule or the reason applies, it must appear that the former judgment was upon the same matter, where the point was directly in issue. In *Parks* v. *Moore,* 13 Vt. 188, Judge COLLAMER says: " An adjudication on the merits of a cause, by a court of competent jurisdiction, is conclusive of the matter litigated." In *Church* v. *Chapin,* 35 Vt. 231, Judge PECK says: " A judgment even between the same parties, is conclusive only of such facts as must have been found to warrant the judgment." When Donaldson paid the money over to his principal, he was no longer liable to a suit in assumpsit in favor of plaintiff. *Spear* v. *Braintree,* 24 Vt. 414.

We have no controversy with defendant as to the effect of the appeal and the subsequent payment of Donaldson's costs. Plaintiff's failure to prosecute his appeal, operated as a *retraxit,* and left his case precisely as if no appeal had been taken, as was held in *Catlin* v. *Taylor et al.* 18 Vt. 104, and *Small* v. *Haskins et al.* 26 Vt. 209. Nor do we question the rule that parol evidence is

not admissible to vary or contradict a record. We do not seek to vary or contradict it. The record itself does not show what was litigated. Parol evidence (consistent with the record) is always admissible to show what facts were actually litigated and decided. *Parks* v. *Moore*, 13 Vt. 188; *Selden* v. *Tutop*, 6 Term, 607; *Martin* v. *Thornton*, 4 Esp. 178; *Perkins* v. *Walker*, *supra*; *Small* v. *Haskins*, *supra*; *Gardner* v. *Buckbee*, 3 Cow. 120; *Wood* v. *Jackson*, 8 Wend. 91; *White* v. *Simonds et al.* 33 Vt. 180; *Spencer* v. *Dearth*, *supra*; *Davenport* v. *Hubbard*, 46 Vt. 200; Big. Estop. 96, 97, 98, 592, 593; 3 Cow. 120; 4 Ib. 562; 3 Comst. 173; 4 Comst. 71; 2 Hill, 478; 16 Johns. 136.

If defendant would rely upon the former judgment as conclusive, it should have been specially pleaded in bar as an estoppel. Unless so pleaded, it becomes a matter of evidence, and all the evidence upon both sides becomes admissible. Phil. Ev. 243, and note; Stark. Ev. 267–8; *Isaacs* v. *Clark*, 12 Vt. 692; *Gray* v. *Pingry*, 17 Vt. 419; *Perkins* v. *Walker*, 19 Vt. 144.

The opinion of the court was delivered by

POWERS, J. The county court allowed the plaintiff to show by parol, *what* matters were litigated in the justice suit in his favor against the collector. The defendant complains of this ruling, and insists that the judgment in that suit is conclusive of the issues made in the present action, and that parol proof could not be admitted to show the subject-matter of inquiry in the justice suit. A judgment is conclusive of all matters which are tried, or necessarily put in issue, in the action on which it is founded. If the judgment cannot be rendered without deciding the particular matter claimed to have been concluded, it will be considered as having settled that matter in all future actions between the parties. In the justice suit against the collector, the legality of the plaintiff's assessment for taxation, might be properly tried; but the case shows that the suit failed for the reason that the collector had paid over the money. The plaintiff had sued the wrong party, and this was the only question considered in that case. Such a judgment works no estoppel that bars the plaintiff's claim in this suit. It has long been well settled, that parol proof is admissible to

prove or disprove the identity of the matter in litigation with that of the former adjudication. *Perkins* v. *Walker*, 19 Vt. 144 ; *Packet Co.* v. *Sickles*, 5 Wall. 580.

Judgment affirmed.