## J. L. DARRAGH v. JULIUS KAUFMAN ET AL.

### (March 16, 1880.)

STATEMENT OF FACTS.— When there is no statement of facts in the record every presumption is to be indulged in favor of the verdict and judgment of the court below, and it is incumbent upon the party seeking to reverse it to evince that it is erroneous. When the court errs in its rulings in sustaining exceptions to pleadings, but gives the party the benefit of evidence as fully as his cause of action or defense requires, the judgment will not be reversed for such abstract error.

ESTOPPEL.— But one suit can be maintained upon the same cause of action, and the judgment therein merges forever all demands passed upon. The judgment is conclusive of such matters in actual controversy as an essential element in the determination of the case.

JUDGMENT.— An estoppel extends beyond what appears upon the face of the judgment, to every allegation which, having been made on one side and denied on the other, was at issue and determined in the course of the proceedings.

APPEAL from Galveston county. Opinion by WALKER, P. J.

There being in the record neither a statement of facts nor any bill of exceptions, the judgment of the district court will not be revised, unless the presumption in favor of its validity is sufficiently repelled in the record itself to dispense with those ordinarily essential means to indicate error. "Every presumption is to be indulged in favor of the verdict and judgment of the court below, and it is incumbent upon the party seeking to reverse a judgment to evince that it is erroneous." Campbell v. Skidmore, 1 Tex., 476. And unless the party complaining presents the case in such a manner as to show the error, the presumption in favor of the judgment must prevail. Chandler v. The State, 2 Tex., 306.

We have no evidence before us whereby we may ascertain the basis of the conclusions formed by the judge who tried the case; it may be that the evidence before the court well warranted the judgment. The evidence on the trial

may have satisfactorily established the truth of the defense of *res judicata.* It may have been thus made to appear through evidence introduced by the plaintiff himself, or it may have been so established by the defendants; or, notwithstanding the record in the judgment, to which reference will hereafter be made, that the plaintiff was not entitled to recover, for reasons other than that contained in the recital, as, for instance, by reason of a failure to sustain with sufficient evidence the allegations of his petition. Where a party has had the benefit of evidence as fully as his cause of action or defense requires, because the same has been introduced and allowed in full, after erroneous rulings of the court in sustaining exceptions to his pleadings, to which such evidence referred, if there was no evidence otherwise, the abstract erroneous ruling, sustaining the exceptions to such pleading, would not require · a revision thereof. McClenny *v.* Floyd, 1 Tex., 159. See, also, Jones *v.* Cavazos, 29 Tex., 428; Blackwell *v.* Patton, 23 Tex., 674. The application of the principle stated to a converse state of case may as readily be supposed, and with similar results, as where evidence has been admitted on the trial, under pleadings not excepted to, and which were held to be sufficient; in such case a mere abstract error made by the judge in admitting relevant testimony under the issues or error in the charge, not injuriously affecting the complaining party, would not require a reversal of the judgment.

The rules applicable to those cases where the record presents a statement of facts become still more effective in support of the judgment where there is no statement of facts. The supreme court, in Blackwell *v.* Patton, *supra,* said: "We will not consume time in the consideration of questions which the parties have not taken the pains to show us to be material." A class of cases, falling within a narrow range, however, exist where, indeed, a statement of facts is unessential, to require revision, as is illustrated in Galbreath *v.* Templeton, 20 Tex., 46, where the court ·re-

vised the rulings of the court below in the rejection of evidence on a bill of exceptions, although there was no statement of facts, the evidence going to the whole defense. The application of the general rule which has been stated to this case has received the fullest consideration, and is made the more carefully because the appellant, perhaps, in declining to furnish the statement of facts, relied upon the recital of the judgment, and from it concluded that, under any supposable evidence which may have been before the court, the judgment which was rendered was necessarily erroneous and subject to revision without a statement of facts. The entry of the judgment, after stating the ruling made upon the plaintiff's exceptions to defendants' plea, and the hearing upon the law and the proofs, proceeded thus: "And it appearing to the court that the subject-matter in controversy in this cause has been heretofore litigated in this court, it is, therefore, considered, ordered and decreed that the plaintiff, John L. Darragh, take nothing," etc. It is to be deduced from the opinion in Chapman v. Sneed, 17 Tex., 431, that such recitals are unnecessary and only to be taken as evidence that the facts recited were in proof, but do not exclude the supposition that there were other facts proved which aided in constituting the basis of the judgment, and that in such state of case the judgment is entitled to all the presumptions in its favor which are indulged in, in ordinary cases where there is no statement of facts. In the case referred to, Chief Justice Wheeler said, "and it would be unsafe and unprecedented to revise the judgment and adjudicate the cause upon the facts when they are not before us otherwise than in an incomplete and partial state."

And although we conclude that we may not be warranted in revising the judgment below, in view of the opinion we entertain of the merits of the question, and as from it the result to the parties would be the same, we deem it not improper to give expression to it, which is, that the court did not err in sustaining, as sufficient, the plea of the

defendants of former judgment. The cause of action, however varied by the allegations in the petitions of the two respective suits, in respect to allegations of facts, set out in either, to establish or affirm one of the main ingredients of liability, viz., that the defendants actually received, of gross earnings of the road, sufficient to pay the debt sued on according to the terms of the certificate, or howsoever varied by allegations of transactions by defendants, in detail, tending to show that they not only realized such sums, but that by such contrivances they diverted and concealed, or sought so to do, the same from the reach or knowledge of creditors, nevertheless in both suits the issue was substantially, if not identically, the same. The defendants in each suit were sued in the same right or relation; they were sought to be held liable in each on their personal liability, and that liability attempted to be established upon the same contracts and writings. The second suit, the present one, sets up no act or fact occurring since the making of the original contract, nor since the pendency of the former suit, from which a right originated not in litigation, or which could not have been litigated in the former suit. The litigation in both was upon the same cause of action, between the same parties, sued in the same relative right, and was not varied, in so far as the issues were concerned, otherwise than as by the allegations made in the petition in this suit, whereby the plaintiff alleges the allowance, in 1867, by the circuit court of the United States, of $400,000, alleged to have been received and appropriated by defendants, and were thereby liable to pay the said indebtedness sued on; and by the allegations in the amended petition of March 30, 1876, alleging divers matters whereby the defendants diverted the substance, profits and earnings of the G., H. & H. R. R. Co. from the payment of plaintiff's debt. In the former suit the defendants, among other things, set up the proceedings in the United States circuit court, wherein the plaintiff alleges in this suit said $400,000 allowance was made, averring that under them a decree and sale

were made, extinguishing the corporation under which the defendants had been operating said railroad. The plaintiff's first suit evidently included the issue as to whether the defendants had, up to the time of the alleged demand and refusal to pay, received an amount sufficient to make the defendants personally liable, inclusive of the period of time embraced by the proceedings in the circuit court. The defendants' answer relating to that subject distinctly involved the determination of defendants' liability arising from such proceedings; for their answer asserted their non-liability arising from the destruction of their corporate existence, and, as has been seen above, the petition in the present suit renews the issue which was formerly presented in regard to their right to control or direct the $400,000 which plaintiff alleges was allowed to them under directions of the court.

The allegations made in the amended petition do not serve any further purpose than to indicate the evidence which may tend to support the material allegation which is common to both suits, viz., the acquisition, absorption and diversion, in the modes and by the devices therein defined, of profits and earnings of the railroad company, whereby the defendants became liable personally to pay the plaintiff.

The alleged trust alleged thus to have arisen was not a new and distinct one from that expressly assumed in the original transactions between the parties; it was but the evidence of the breach or disregard of it. The causes of action and the issuable matters of both suits were the same in legal effect.

The plaintiff in his second suit does not allege a fraudulent concealment by defendants of the new or additional facts contained in his petition, or ignorance of their existence at the former trial, if in law they would have been sufficient to constitute an essential and material variation in his right to a recovery; but this suit seeks to maintain itself on the broad proposition that the subject-matter of litigation presented by it has not been before adjudicated.

But the cause of action being but a single one, it falls under the general and well-settled rule that but one suit can be maintained upon it, and that one judgment merges forever all demands passed upon. Bigelow on Estoppel, 113.

The judgment is conclusive of such matters in actual controversy as are essential elements in the determination of the case; and a necessary matter of defense not specifically put in issue is conclusively determined against the defendant by a judgment for the plaintiff; a proposition which is based upon the ground that the defendant, having had an opportunity to make defense, voluntarily failed and neglected to do so. Bigelow on Estoppel, 106. The rule is not less applicable to the plaintiff.

The rule is illustrated in many cases stated in Bigelow on Estoppel, and with special force and point in the leading case of Homer v. Fish, 1 Pick., 435, where, in an action to recover back insurance money obtained by the defendant upon a judgment against the plaintiff, the declaration alleged that the property insured had perished before the insurance was effected; that the defendant, knowing the facts, fraudulently caused an insurance to be effected with the plaintiffs; that he subsequently proved the loss; and then, in furtherance of their conspiracy, instituted suit and obtained judgment and satisfaction of execution. The defendant pleaded the judgment which they had obtained in bar of the action, alleging that it had not been annulled or reversed. To this the plaintiff replied that he did not know of the fraud until after the time had elapsed within which proceedings could have been had to vacate the judgment; to which the defendant demurred. And the court sustained the demurrer. Parker, C. J., speaking for the court, said: ." That the only plausible ground upon which the case could be put was that the matter of fraud, the *gravamen* of the action, had not come in question in the trial of the insurance policy; but he said that the rule would not admit of such an exception. It was sufficient that the action was of

a nature to admit of such a defense, and that the plaintiff in the new suit might have availed himself of it in the former action. Where the failure was imputable to laches there could be no question; and where it was the effect of ignorance of the facts, there must be a period within which the party suffering should be required to present his claim, or great mischief might ensue."

Is there in the cause of action set forth in the petition in this suit any ground for its support, and for a recovery against the defendants, in case the result of the former suit had been the reverse of what it actually was? Surely, if the plaintiffs had recovered the judgment then prayed for, there would exist in the petition in this case nothing in addition relating to the subject-matter of former litigation beyond allegations cumulative of the basis for one of the elements of each and both actions, but they would suggest no new, different or distinct right from that which furnished the foundation of the former judgment. The judgment would have included the finding of, and would have been conclusive of, the fact that the defendants had received an amount sufficient to render them liable to the plaintiffs, and the facts alleged in the petition in this case additional to the former petition, whether true or false, would have been immaterial so far as they might serve to affect the rights of plaintiff or defendants in respect to any additional remedy on the contracts and transactions of the parties.

Careful consideration has brought us to the conclusion that the principle invoked by the counsel for appellant in his brief, and upon the authorities cited by him, cannot be rendered applicable to the facts of this case.

Many cases are cited and quoted from by way of illustrating the extent to which judgments are conclusive of matters beyond the point actually determined, $i.$ $e.$, beyond the main question in issue, in Bigelow on Estoppel, page 118 $et$ $seq.$, sustaining, we think, the application we have made. In one of them, Caston $v.$ Perry, 1 Bailey, 533, Mr.

Justice Calcock said " that it was true that to make the record evidence on a particular point it must appear that that point was in issue; but the former suit was brought to try the title to the identical spot of land upon which the defendant had again trespassed. The defendant had at that time the very title on which he now relies; and whether the suit turned upon the extent of the lines, or the title itself, was wholly immaterial. If one having a dozen titles could set them up in succession, the plaintiff might be kept in court all his life. If the defendant had a title by which he could claim to be a co-tenant with the plaintiffs, he should have produced it." See, also, Perkins v. Walker, 19 Vt., 144; Bigelow on Estoppel, 120.

" An estoppel extends beyond what appears on the face of the judgment, to every allegation which, having been made on the one side and denied on the other, was at issue and determined in the course of the proceedings. It not only establishes the case of the plaintiff, but disproves or negatives that of the defendant." Freeman on Judg., 257.

" It is not the object of the suit, the recovery, or fruits of the litigation alone that constitute the estoppel, but the facts put in issue and found, upon which the recovery is based,— facts in issue as distinguished from the evidence in controversy." Id., 257.

" Every point which has been, either expressly or by necessary implication, in issue, which must necessarily have been decided in order to support the judgment or decree, is concluded." Id., 257.

We cannot agree with the interpretation placed by the appellant's counsel upon the record of the former suit, restricting thereby the issues or facts put in issue within the limits his argument prescribes. He insists that the issue was, not whether the contract, as expressed in the certificate, had been made by defendants, and the percentage of earnings realized by the operation of the railroad, but whether another instrument (the trust conveyance), made contemporaneously with the certificate, provided that the

*personal* responsibility of the defendants should cease upon the organization of the successor company, and whether that company had been formed, in fact, before any earnings had been received by the defendant as individuals. That the judgment, therefore, concluded nothing else; and urges that it would have been inadmissible under the pleadings to have shown that the defendants, by reason of a fraudulent combination to escape their contract, formed themselves into two other associations called the Real and Personal Estate Association, and the Galveston & Houston Junction Railroad Company, etc., and in those names received, to their own account, all the earnings of the Galveston, Houston & Henderson Railroad, instead of paying the plaintiff's·debt therewith according to contract. The reply to which is that the defendants' answer in said suit goes farther than is allowed by the appellant's counsel, for it denies that after their organization as the new company the earnings of the road were adequate to pay creditors; also that partial payments were made in fact; that under proceedings on liens held by Cowdrey in 1867, a sale by decree of court was made which extinguished their corporate functions; that all earnings since 1860 were included in the prior trust deeds foreclosed by Cowdrey, which exceeded the amount of earnings; denial also that the earnings, etc., ever came to hands of defendants, and that the plaintiff became a stockholder and was estopped from suing on this indebtedness. The reply further is, that the solution of the question as to what were the facts in issue and what was determined by the judgment are not to be ascertained by the mode and manner of treatment of the subject-matter of the suit in the conduct of the proceedings in the court where it was tried, because the defendants may have selected or have failed to have adopted this or that point of defense which was open to them at the time; or because the plaintiff may not have seen proper to reply by proper pleading so as to let in evidence in bar or avoidance of matter set up by the defendant as a defense, will, by no

means, affect their duty so to do at the peril of the conclusiveness of the judgment which will be rendered, provided the subject of the suit, the cause of action set up by the plaintiff to be determined between the parties, involved the possibility of presenting such issues respectively in order to ascertain their rights. .

Maxims applicable to this proposition have been sufficiently quoted without further comment; the plaintiff, in the former suit upon the facts stated giving him a right to demand payment, alleged liability and prayed for judgment; upon that cause of action whatever would support or defeat it was involved, and would be concluded by a judgment, and its conclusiveness would not be limited by the consideration that the course of pleading involved one special matter of defense.   The second suit is for the same cause of action, which, according to the argument, rests upon matter which, in effect, is a sufficient reply and answer to the matter set up and relied on successfully by the defendants in the former suit, but which was not pleaded then by the plaintiff, and therefore was not involved.   This matter, according to the plaintiff's argument, forms not the plaintiff's action, which is, indeed, the same in both suits, but are but auxiliary facts to support its successful maintenance in the way of replication to the defendants' plea in a former suit.   The plaintiff might have relied on and pleaded them in that suit; by his failure to do so, he has lost the benefit of the privilege to do so.   But we do not, as we have before said, and cited from the answer to demonstrate the fact, construe the issues in the former suit as being so limited in range as it is contended they are by the appellant's counsel; that matter, however, under the above view of the subject, is not of special consequence to consider.   It is sufficient that "a judgment is conclusive upon every matter actually and necessarily decided in the former suit, though not then directly the point in issue.   If the facts involved in the second suit are so cardinal that without them the former decision cannot stand, they must now

be taken as conclusively settled." Freeman on Judg., sec. 256. And see Aurora City *v.* West, 7 Wall., 82; Cook *v.* Burnley, 45 Tex., 97; Girardin *v.* Dean, 49 Tex., 246; Roberts *v.* Johnson, 48 Tex., 137.

We are of the opinion that the judgment should be affirmed, and shall award accordingly.