## COMSTOCK *vs.* HOAG and STRONG.

The holder of a note payable *to bearer*, in the possession of the *payee* after
due, cannot maintain an action upon it against the maker, if the payee be
a mere *agent*, and the persons having the beneficial interest in the note for-
bid its payment to him.

THIS was an action of *assumpsit*, tried at the Otsego cir-
cuit in September, 1829, before the Hon. SAMUEL NELSON,
one of the circuit judges.

The declaration was on a promissory note for $100, dated
the 20th February, 1827, payable *ninety days after date* to
"James Tripp, treasurer of Lawrens Lodge, No. 120, or
*bearer.*" The money was loaned by the lodge to Hoag, and
the note, signed by him and by Strong as his surety, taken
and delivered over to Tripp, who had been elected treasur-
er of the lodge, and who remained snch treasurer until the
close of the year 1827. In November, 1827, a statment of
the funds of the lodge was made by an auditing committee,
Tripp being present. The note in question was before the
committee and included in the statement. In January, 1828,
the successor of Tripp, as treasurer of the lodge, demanded
the funds, notes and property of the lodge, which he refused
to deliver. In February or March following a similar unsuc-
cessful demand was made by a committee of the lodge and
by its direction. In February, 1828, the lodge passed a res-
olution directing Hoag not to pay the note to Tripp, Hoag
being present when the resolution was passed. In Feb-
ruary, 1829, this suit was brought. The defendants insist-
ed that the note having been shewn in the possession of
Tripp after it was due, if in fact it had been transferred to
the plaintiff, he took it subject to all equities and defences ex-
isting against it in the hands of the *payee*, and was not enti-
tled to maintain the action. The plaintiff offered to prove
that he paid a full and valuable consideration for the note.
The judge refused to receive the evidence, ruling that it was
immaterial, and charged the jury that the plaintiff was enti-

tled to recover, who accordingly found a verdict for the plaintiff. The defendant excepted, and now moved for a new trial.

ALBANY,
October, 1830.

Comstock
v.
Hoag.

*J. A. Spencer*, for defendants.

*J. Edwards*, for plaintiff.

*By the Court*, SUTHERLAND, J. The judge erred in charging the jury that upon the evidence before them the plaintiff was entitled to recover. The note carried upon its face the evidence that Tripp, the payee, was not the benefical owner of it. It was made to him as treasurer of the Lawrens lodge. It is also shewn to have been in Tripp's hands long after it became due. The plaintiff Comstock therefore took it subject to all the defences which might have been made if the action had been brought in the name of Tripp himself. 1 *Johns. Cas.* 51, 331. 3 *id.* 29. 1 *Johns. R.* 319. 5 *id.* 118. 2 *id.* 300. 8 *id.* 454. 3 *T. R.* 80. 1 *Bos. & Pul.* 399. 1 *Campb.* 19. 7 *T. R.* 427, 630. *Chitty on Bills*, 164, 5, 6.

It was proved upon the trial that the note in question was given for money belonging to the lodge and loaned by them to the defendant Hoag. The loan appears to have been made before Tripp entered upon the office of treasurer; but having been elected, the note was taken in his name as treasurer of the lodge; it bears date 20th February, 1827, and was payable in ninety days. In November, 1827, Tripp exhibited the note to the auditing committee of the lodge, and a statement of the funds of the lodge including the note was then made and shewn to the committee and to Tripp, and was handed over to Tripp's successor in office. In January, 1828, his successor called upon him for the funds and property of the lodge in his possession, and exhibited him the schedule which had been made in November preceding, as containing a correct statement of the property. He refused to deliver it, upon some frivolous pretext, but did not pretend to question the title of the lodge to this note, or any other item of any importance. In February, 1828, the lodge passed a resolution forbidding the defendants to pay the note

ALBANY,
October, 1830.

Comstock
v.
Hoag.

to Tripp, of which they had immediate notice, one of them being a member of the lodge and present at the time. The presumption is, although the fact is not material, that the note was transferred to the plaintiff after this resolution was passed. The question then is, could Tripp, under these circumstances, have recovered in this action, if he had prosecuted in his own name? The holder of the note, either as payee or endorser, may undoubtedly maintain an action upon it in his own name, although he has no interest in it, and holds it as agent merely for the purpose of collection, if it does not appear that his possession of the note is *mala fide ;* in the absence of such proof, he will be considered a trustee suing for the benefit of the persons having the legal interest. *Lowell* v. *Evertson,* 11 *Johns. R.* 52. *Manning* v. *Lamb,* 7 *Cowen,* 176. *Conroy* v. *Warren,* 3 *Johns. Cas.* 263, *opinion of Kent, J.* But where it distinctly appears that the persons having the beneficial interest in the note have forbidden the defendants to pay it to the nominal holder, his possession of the note becomes *mala fide,* and he cannot recover upon it. This point was distinctly adjudged by the supreme court of Massachusetts, in the case of *Barber* v. *Prentiss,* 6 *Mass. R.* 430. A bill of exchange, drawn by the defendant, had in that case been endorsed by the payees to Barber, as their *agent* for the purpose of collection. It was held a good defence, under the general issue, that the payees before the commencement of the suit had requested the defendants not to pay the money to the plaintiff. Ch. J. Parsons considered the question too clear to admit of a doubt. This case is cited with approbation in *Herrick* v. *Carman,* 10 *Johns. R.* 224, in which the same principle is substantially involved. It cannot be material whether the plaintiff be the payee or the endorser of the note ; if it be shewn that he is a mere agent, having no beneficial interest in the security, and that he prosecutes the suit for his own benefit against the orders of the real owner, it is a complete defence to the action. Such is this case. A new trial must therefore be granted, the costs to abide the event of the suit.