ALBANY,
Oct, 1834.

Clark
v.
Yale.

---

## Clark *vs.* E & Z. Yale.

In *assumpsit* against the *maker* of a note, it is competent for him to show proceedings under the *absconding debtor act* against the estate of the *payee*, the appointment of trustees, and the payment of the note to them ; and such evidence is admissible under the *general issue*.

This was an action of *assumpsit*, tried at the Chenango circuit in October, *1831*, before the Hon. Robert Monell, one of the circuit judges.

The plaintiff declared as the *bearer* of a promissory note, made by the defendants on the 21st April, 1828 for the sum of $200, payable to Seth Bowerman, or bearer, on the tenth day of June next after the date of the note. On the trial of the cause, the defendants admitted the execution of the note, but proved that on the *third* day of *May* 1828, an *attachment* was issued by a commissioner under the *absconding debtor act* against the estate of Seth Bowerman, and that by virtue thereof the sheriff of Chenango, on the *seventh* day of May, demanded

the note in question at the house of the plaintiff, and on the same day gave notice to the defendants not to pay the note to any person, except to such *trustees* as should be appointed by the officer who had issued the attachment. In September, 1828, trustees were appointed, and in *October* following the defendants paid to them the amount of the note, in pursuance of a demand made by the trustees. All which evidence was objected to, on the part of the plaintiff, as inadmissible under the *general issue*, the only plea interposed by the defendants; but the objection was overruled by the judge, and the testimony received. The regularity of the proceedings under the absconding debtor act was admitted by the plaintiff. It appeared that the note in question came to the hand of the plaintiff on the day of its date, and that on the next day Bowerman absconded. The main question of fact involved in the case was, whether the plaintiff was the *bona fide* holder of the note previous to the institution of the proceedings under the absconding debtor act; and the jury, under the charge of the judge, found a verdict for the defendants. The plaintiff moved for a new trial.

*I. L. Wendell*, for the plaintiff, insisted that the rule as to what defences were admissible under the *general issue* in *assumpsit* was extremely broad, and ought not to be extended; that it was well settled that neither the statute of limitations, a discharge under an insolvent act, or a former recovery for the same cause of action, could be given in evidence under the general issue, 1 Chitty's Pl. 473; 10 Johns. R. 111, 246; 12 id. 455; 6 Cowen, 691; and the defence here being a statutory defence, as much so as a discharge under the insolvent act, the evidence should have been rejected. Besides, he contended that the defendants could not set up the title of the trustees, and that unless the trustees interposed their claim by resort to a court of equity, or by proceedings under the absconding debtor act to compel the surrender of the note, the plaintiff had a right in a court of *law* to enforce payment. Chitty on Bills, 116. 7 T. R. 391. 7 Vesey, jun. 20, 413. 9 id. 355. Newland on Contracts, 493, 4. 1 R. L. 160, § 11, 12.

*J. A. Spencer*, for the defendants, relied upon the rule as laid down in Chitty, as to what defences were admissible under the general issue in assumpsit; and upon the cases of *Edson* v. *Weston*, 7 Cowen, 278, and *Comstock* v. *Hoag & Strong*, 5 Wendell, 600, to show that a defendant may prove that the nominal plaintiff in a cause is not the real and substantial party in interest.

*By the Court*, Sutherland, J. The only question of law present by this case is, whether it was competent for the defendants, under the plea of the general issue, with an ordinary notice of set-off, to show that the plaintiff was not the owner of the note on which the suit was brought; that it belonged to the trustees of Bowerman's estate, and that they had paid it to them. Mr. Chitty observes, 1 Chitty's Pl. 471, 2, 3, that, under the general issue in assumpsit, any matter may be given in evidence which tends to show that the plaintiff *never* had any cause of action, and most matters which show that at the time of the commencement of the suit, he had no *subsisting* cause of action. Upon these principles (Mr. Chitty says) it has been held that, under the plea of non-assumpsit, the defendant may give in evidence that the plaintiff was a bankrupt, *per Lord Kenyon in Webb* v. *Fox*, 7 T. R. 396; Bull. N. P. 153; 1 Bos. & Pull. 445; or where a *feme covert*, suing alone, has no interest in the contract, her coverture may be given in evidence. So also payment, accord and satisfaction, a promissory note or other negotiable security given for the debt and still outstanding, a foreign attachment or arbitrament, &c., a higher security given, and a release. The case of a foreign attachment is very analogous this; and Mr. Sergeant Williams, in a note to *Turbill's case*, 1 Saund. 67, a., says, in assumpsit a recovery and execution in a foreign attachment may be given in evidence under the general issue. 2 Lutw. 995. 1 Ld. Raym. 180. 1 Salk, 280. Comyn's Dig. Attachment, A. The cases of *Edson* v. *Weston*, 7 Cowen, 278, and *Comstock* v. *Hoag & Strong*, 5 Wendell, 600, *and the authorities there cited*, are very clear and decisive upon this point. In *Barker* v. *Prentiss*, 6 Mass. R. 430, it was held that in an action by an endorser against the draw-

er of a bill of exchange, it was competent for the defendant, under the general issue, to prove that the plaintiff held the bill as agent of the payees, and that they had requested the drawer not to pay the contents to him. So also in *Comstock* v. *Hoag & Strong*, 5 Wendell, 600, the defendants were permitted, under the general issue, to show that the persons having the beneficial interest in the note, had forbidden its payment to the plaintiff.

The defence in this case was properly admitted under the general issue.

Motion for new trial denied.