### HUBBELL & CURRAN *vs.* AMES & MAY.

Proceedings against the *payee* of a note as an *absconding* or *concealed debtor*, may be given in evidence under the *general issue*, in bar of the action, as well where the suit is in the name of a *subsequent holder* as when in the name of the *payee*.

The *appointment of trustees* is conclusive evidence of the regularity of the previous proceedings, and that the officer issuing the attachment had *jurisdiction* in the matter.

THIS was an action of *assumpsit* on a promissory note, dated 6th January, 1832, and payable 1st June, 1832, given by the defendants to *John Simplot* or *bearer*. The plaintiffs declared as the holders of the note by transfer. The defendants pleaded the *general issue*, and on the trial of the cause proved that the note at the making thereof belonged to *Henry Simplot*, it being given and made payable to *John Simplot* as the *agent* of Henry Simplot, and that it was transferred by *Henry Simplot* to the plaintiffs on the 23d April, 1832 ; that previous to the transfer, proceedings were commenced before a commissioner against *Henry Simplot* as an *absconding* or *concealed debtor*, and that the first publication of the order of the commissioner, for the appearance of the debtor, took place previous to the 1st April, 1832. To prove the proceedings against Simplot, the defendants produced, 1. An exemplification of the *report* of the commissioner, dated 4th October, 1832, filed in the clerk's office at Utica ; 2. The *order* for the debtor to appear, and the affidavits of publication ; and 3. The *appointment of trustees*, made 18th September, 1832. This evidence was objected to

by the plaintiffs on two grounds: 1. That it was inadmissible under the *general issue ;* and 2. That it was of no avail without production of the *preliminary proofs,* which they contended should be produced to enable the court to determine whether the commissioner had *jurisdiction* in the matter. The objection was overruled. The jury, under the charge of the judge, found a verdict for the defendants. The plaintiffs moved for a new trial.

*T. E. Clark,* for plaintiffs.

*B. Davis Noxon,* for defendants.

*By the Court,* NELSON, J. The evidence of the proceedings against Simplot, as an *absconding* or *concealed debtor,* was admissible under the general issue. *Clark* v. *Yale,* 12 *Wendell,* 470, and *Comstock* v. *Hoag,* 5 *id.* 600.

As to the proof of the preliminary proceedings : the *report* of the commissioner is declared by statute conclusive evidence that the proceedings stated therein were had ; and the *appointment of trustees* is also declared conclusive evidence (except in the case of reference provided for by the statute,) that the debtor therein named was a concealed, absconding or non-resident debtor, within the meaning of the act, and that the appointment and *all the proceedings previous thereto* were regular, 2 *R. S.* 12, § 62—13, § 68. The production of the appointment of trustees, therefore, was sufficient to show that the officer had jurisdiction.

It is urged in behalf of the plaintiffs, that the statute does not *prohibit* the transfer of a note by a party proceeded against as an absconding or concealed debtor, except where it is transferred in payment of or as security for an existing or antecedent debt. This point was substantially decided in *Clark* v. *Yale.* The defence there was that the defendants had paid the note to the trustees, and it was held a valid payment. The principle of the defence in *Comstock* v. *Hoag* also applies here. But the statute itself leaves no doubt upon the point. The 23d § denounces the transfer to be " absolutely void as against creditors ;" the 34th § declares that every person indebted to an absconding or concealed debtor shall account

NEW-YORK, and answer for the amount of such debt to the *trustees ;* the
May, 1836. 35th § declares the payment to the *debtor,* after the first pub-
Owners of lication, fraudulent as against the trustees ; and payment to
Ground, &c. an *assignee,* who obtains the note after such publication,
    v. would be held equally fraudulent. The 36th § authorizes the
Mayor, &c. of person indebted, if prosecuted by the *debtor,* to give in evi-
Albany. dence under the general issue, the fact of the attachment hav-
ing been issued and the publication of the notice at the time
of the commencement of the action ; and within the spirit of
this section he may do the same when the suit is in the name
of an *assignee.*

New trial denied.