By the Court,
Nelson, J.
The evidence of the proceedings against Simplot, as an absconding or concealed debtor, was admissible under the general- issue. Clark v. Yale, 12 Wendell, 470, and Comstock v. Hoag, 5 id. 600.
As to the proof of the preliminary proceedings: the report of the commissioner’ is declared by statute conclusive evidence that the proceedings stated therein were' had ; and the appointment of trustees is also declared conclusive evidence (except in the case of reference provided for by the statute,) that the debtor therein named was a concealed, absconding or non-resident debtor, within the meaning of the act, and that the appointment and all the proceedings previous thereto were regular, 2 R. S. 12, § 62 — 13, § 68. The production of the appointment of trustees, therefore, was sufficient to show that the-officer had jurisdiction.
It is urged in behalf of the plaintiffs, that the statute does not prohibit the transfer of a note by a party proceeded against as an absconding or concealed debtor, except where it is transferred in payment of or as a security for an existing or antecedent debt. This point was substantially decided in Clark v. Yale. *216 The defence there was that the defendants had paid the note to the trustees, and it was'held a valid payment. The principle of the defence in Comstock v. Hoag also applies here. But the statute itself'leaves no doubt upon'the point. The 23d § denounces the transfer to be “absolutely void as-against.creditors the 34th § declares that every person indebted to an absconding or concealed debtor shall account and answer for the amount of such debt to' the trustees j. the 35th § declares the payment to the debtor, after the first- publication,; fraudulent as against the trustees; and payment to-an assignee, who obtains the note. after such publication, would be-held equally fraudulent. * The 36th § authorizes the person indebted, if prosecuted by the debtor, to-give in evidence under the general issue, the fact of the attachment having -been-issued-and the-.publication of the notice at the time of the commencement of the action; :and-within the spirit of this section he may do the same when the suit is in the name of an assignee.
New trial denied.