## PETER E. N. DECKER, RESPONDENT, *v.* CHARLES BOICE ⎰AND OTHERS, APPELLANTS.

*Agreement that mortgages shall be equal liens — how far assignees bound by — Rights of purchasers at foreclosure by advertisement — who entitled to notice in such proceedings.*

On July 4, 1872, certain land was owned by the nine children of W. Boice, as tenants in common. On that day six of them conveyed their interest to a brother Charles, who, at the same time, executed five mortgages each covering the six-ninths so conveyed to him. One to Catharine Decker, a sister, recorded December 27, 1872, was subsequently sold to one Crandall, his assignment being dated and recorded June 26, 1876 ; one to a brother William was recorded December 27, 1872, and was thereafter sold to one Kellogg, by an assignment recorded June 29, 1877. One of the other mortgages was subsequently paid. Of the two remaining mortgages, one was recorded July 24, and the other August 4, 1877.

At the time of executing the mortgages it was mutually agreed by parol that all should be equal liens. The purchasers of the two first mentioned mortgages gave full value therefor, and took without notice of the parol agreement, and without notice of the existence of the mortgages then unrecorded. The two first mentioned mortgages were foreclosed by advertisement under the statute, the first publication in such proceedings being made in June, 1877, and the property was, on September 21, 1877, purchased by the plaintiff. Notices were served in the foreclosure proceeding on the mortgagor and the persons holding the unrecorded mortgages.

*Held,* that whether or not the mortgages were to be treated as equal liens, as between the mortgagees and their assignees, yet the plaintiff, as the purchaser at the sales, on the foreclosures of the two first mentioned mortgages, acquired the property free and clear from the liens of the other mortgages.

On a foreclosure, by advertisement, only those mortgagees or assignees, whose mortgages or assignments are recorded, are entitled to notice.

*Semble,* that a purchaser in good faith, and for value, from the mortgagee, who first recorded his mortgage, would take the same free from any parol agreement between the mortgagees of which he was ignorant.

APPEAL from a judgment, entered upon the trial of this action, by the court, without a jury.

The action was brought for the partition of certain land formerly owned by one William Boice. It was not disputed that the premises were subject to the dower right of Betsey Boice, widow of William, who died intestate and the owner of the whole land. The plaintiff claimed to own six-ninths, being the shares of six of the nine children of William, viz., of William H. Boice, Abram Boice,

Mary J. Clark, Catharine Decker, Sally Ann Rockefeller and Louisa Talbot. On the 4th of July, 1872, these six children conveyed all their interest in the property to Charles Boice, another child, and one of the defendants.

Peggy Knickerbocker was another child; and it was not disputed but that she still owned one-ninth.

Jacob Boice was the remaining child, and it was not disputed but that David W. Talbot owned Jacob's one-ninth.

On the 4th of July, 1872, Charles Boice executed a mortgage, upon the six-ninths thus conveyed to him (not including his own ninth), to Catharine Decker, to secure $188.88, recorded December 27, 1872. Catharine Decker assigned this to Peter E. N. Decker June 24, 1876, which assignment was recorded June 26, 1876. June 26, 1876, Peter E. N. Decker assigned this to Hiram Crandall; which assignment was recorded June 26, 1876.

On the 4th day of July, 1872, said Charles Boice executed another mortgage on the same six-ninths to William H. Boice to secure $464.88, which was recorded December 27, 1872. William H. assigned this to John Crossett November 6, 1873; which assignment was recorded January 3, 1874. Crossett assigned it to Alvah Kellogg March 30, 1874; which assignment was recorded June 29, 1877.

These two mortgages were foreclosed by advertisement, under the statute, by their respective owners; the first publication in one proceeding being made June 2, 1877, and in the other June 29, 1877. And on the 21st of September, 1877, the plaintiff purchased at each of said sales, at the first for $338.42; at the second, for $601.58 the six-ninths of the premises in question.

No question is made as to the regularity of these statutory foreclosures.

The statutory notices were served, among other persons, on Charles Boice, Sally Ann Rockefeller and Lansing E. Hay, the administrator of Lansing Hay, and Mary J. Clark.

It was held by the court on the trial that the plaintiff thus became the owner of six-ninths; and that Charles Boice, Peggy Knickerbocker and David W. Talbot each owned one-ninth.

The defendants insist that the plaintiff owns two-ninths; that Charles Boice owns three-ninths, and Lansing Hay, one-ninth;

and Peggy Knickerbocker and David W. Talbot, each one-ninth.

The ground of their claim is as follows : At the time when Charles Boice executed his mortgages to William H. Boice and to Catharine Decker, respectively; he also executed a mortgage of the same date, on the same six-ninths, to Louisa Talbot to secure $188.88, which was recorded December 27, 1872; and which said Charles afterwards fully paid before the commencement of this action.

And, at the same time, he also executed a mortgage of the same date to Mary J. Clark, on the same six-ninths, to secure $188.88, which was recorded July 24, 1877 ; and said Mary J. Clark assigned this mortgage to Lansing Hay December 20, 1876, which assignment was recorded July 24, 1877.

And, at the same time, he also executed a mortgage of the same date to Sally Ann Rockefeller, on the same six-ninths, to secure $188.88, which was recorded August 4, 1877.

At the time of the execution of these five mortgages it was mutually agreed by parol between all the mortgagees that neither mortgage should have a preference over the other; but all should be equal liens ; to which agreement the mortgagor was a party.

Decker and Crandall, when they severally purchased the Decker mortgage, gave full value therefor in cash; and had no knowledge of this parol agreement. They had no notice, actual or constructive, of the existence of the Mary J. Clark mortgage or of the Rockefeller mortgage ; and they had no actual notice of the existence of the Talbot mortgage, or of the William H. Boice mortgage.

Crossett and Kellogg, when they severally purchased the William H. Boice mortgage, paid full value therefor in cash, and had no knowledge of this parol agreement. They had no actual or constructive notice of the Mary J. Clark mortgage, or of the Rockefeller mortgage ; and no actual notice of the Talbot mortgage and the Decker mortgage.

No bond or covenant to pay was given by Charles Boice to accompany any of these mortgages.

*McDowell & Lewis*, for the appellants.

*Waters & Knox*, for the respondent.

LEARNED, P. J.:

If two deeds, of the same date, and of the same property, were. executed by the same grantor to two different grantees, at the same time, and one should be recorded and the other not.; if the grantee in the recorded deed were a purchaser in good faith, and for a valuable consideration, we suppose he would be protected against the unrecorded deed; although, as the deeds were executed at. the same time, the other grantee would not be, in strictness, a. *subsequent* purchaser. It would hardly be an equitable construction of 1 Revised Statutes [m. p.], 756, section 1, to hold that a purchaser in good faith, and for a valuable consideration, who purchased, an hour after the execution of an unrecorded deed,. and who recorded his conveyance first, should be protected; while a purchaser in good faith, and for a valuable consideration, who purchased at the same time with the execution of an unre-- corded deed should not be protected by such prior recording.

And as the word "conveyance" expressly includes mortgages. (§ 38), it would seem that the mere fact that mortgages were exe-- cuted at the same time would not prevent the operation of the recording act.

Decker and Crandall, Crossett and Kellogg were, all of them, "purchasers." (1 R. S. [m. p.], 762, § 37.) Each was a purchaser in good faith and for a valuable consideration. The respective assignments to them were "conveyances." (§ 38.), They were "purchasers" of the "same real estate". with that of which Mary J. Clark and Sally Ann Rockerfeller had convey-- ances. And the "conveyances" of Decker and Crandall, of Cros-- sett and Kellogg, were "first duly recorded;" that is, were. recorded before the conveyances of Clark and of Rockerfeller.. This seems to be within the express language of section 1.

But the question here involved does not depend on the rights: of Crandall and Kellogg, as assignees of the mortgages of Cath-- arine Decker and of William H. Boice, respectively, in regard to the other mortgages which had not been recorded. Decker, the plaintiff, is not the assignee of a mortgage. He is the purchaser under powers of sale, given by the owner, Charles Boice, which powers have been executed according to the provisions of the statute. The affidavits of publication and sale stand in the place

of a deed, executed by virtue of the power of sale. It is not claimed that the proceedings were imperfect. The title to seven-ninths was unquestionably in Charles Boice when the mortgages were executed. These two mortgages, held by Crandall and Kellogg, covered six-ninths. If they were properly foreclosed, the purchaser at the sale went back to the execution of the mortgages and to the authority there given for his title. And Charles Boice, in each of these mortgages, authorized the holder thereof to sell six-ninths of the property to pay the mortgage.

Notice of the sale is to be served on the mortgagor, and on subsequent grantees and mortgagees, whose conveyances and mortgages shall be on record at the time of the first publication. (2 R. S., 5th ed. [m. p.], 546, § 3, sub. 3.) The first publication in one foreclosure was June 2, 1877; in the other, June 29, 1877. The Clark mortgage was not recorded until July 24, 1877; and the Rockerfeller mortgage not until August 4, 1877. The Talbot mortgage has been paid by the mortgagor, and therefore has ceased to be a lien.

The purchaser at such a sale has a right to look to the statute for his guidance and protection. He has only to see that notice was served on those grantees and mortgagees whose conveyances were on record at the time of first publication; and on judgment creditors. And, to understand the effect of the sale under the statute, we must compare sections 3 and 8. Section 3 points out who are the persons to be served with the notice; and section 8 declares them, when they have been served, to be barred by the sale. The persons to be served are those whose conveyances are on record. The assignees of mortgages are entitled to notice. (*Wetmore* v. *Roberts*, 10 How. Pr., 51.)

Furthermore, the notices were, in fact, served on Sally Ann Rockerfeller, on Mary J. Clark, and on Lansing E. Hay, the administrator of Lansing Hay, assignee of the Clark mortgage, as well as on the mortgagor himself. And, with the exception of Peggy Knickerbocker and Jacob Boice, who make no claim, every one of the heirs of William Boice was present at the sale; and it is not claimed that they objected.

Even, then, supposing that Sally Ann Rockerfeller and Mary J. Clark, or her assignee, by virtue of the original parol agreement, had equal liens with Crandall and Kellogg, still these fore-

closures, to which they were parties, like a foreclosure in equity, cut off their claims. Whatever rights they have in this respect must be sought against Crandall and Kellogg, who have received the whole avails of the sale. If, by reason of the parol agreement, these four liens are on equal footing, then it may be that Rockerfeller and Hay, assignee of Clark, are entitled to recover their *pro rata* share of the avails from Crandall and Kellogg. But, however that may be; the title of the *bona fide* purchaser is good. To liken the statutory proceeding to an action, Crandall and Kellogg made Rockerfeller and Hay parties defendant; although their title did not appear at the time of beginning the action and of filing the notice of *lis pendens*. The purchaser at the sale gets a good title; whatever equitable rights in the distribution of the avails Rockerfeller and Hay may have.

As to the Talbot mortgage, we do not see that Charles Boice has any claim in respect thereto. It has been paid; and has ceased to have any validity whatever.

We think, therefore, that the decision was correct, and that the judgment should be affirmed, with costs against appellants.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.