CHARLES E. HIGGINBOTTOM, APPELLANT, v. WILLIAM J. BENSON, JOSEPH W. SHELTON, ET AL., APPELLEES.

**Mortgage Foreclosure:** PARTIES: BONA FIDE PURCHASER: REDEMPTION BY JUNIOR MORTGAGEE: RENTS AND PROFITS. Where, upon the foreclosure of a senior mortgage, the holders of junior mortgages not being made parties, a purchaser of the legal title at judicial sale purchases in good faith, believing he is getting a perfect title, takes possession of the property and makes lasting and valuable improvements thereon, he is entitled to credit for such improvements in an action instituted against him by the holders of the junior mortgages to require him to redeem. And in such case he should not be charged with the rental value of the premises during his possession.

APPEAL from the district court of Hamilton county. Tried below before NORVAL, J.

*Hainer & Kellogg,* for appellant, cited: Jones on Mortgages, Secs. 1118, 1128, 1678. *Barton v. Land Co.,* 27 Kan., 634. *Parsons v. Moses,* 16 Iowa, 440. *Morgan v. Walbridge,* 56 Vt., 405. *Smoot v. Smoot,* 12 Lea, 274. *French v. Grenet,* 57 Tex., 273. *Bright v. Boyd,* 1 Story, 478. *Putnam v. Ritchie,* 6 Paige, 390. *Renard v. Brown,* 7 Neb., 449. *Miller v. Finn,* 1 Neb., 254.

*J. H. Smith,* for appellees, cited: *Wetmore v. Roberts,*

10 How. Pr., 51.   *Mickles v. Dillaye*, 17 New York, 80.
*Talbot v. Braddil*, 1 Vern., 184.   *Poole v. Johnson*, 17 N.
W. Rep., 900, and cases cited.

REESE, CH. J.

This action was commenced in the district court of
Hamilton county by plaintiff, the holder of a junior
mortgage on real estate, against defendant, the purchaser
of the land at judicial sale upon the foreclosure of a prior
mortgage, for the purpose of requiring him to redeem
plaintiff's mortgage, or in case of his failure so to do, that
the premises be sold.   Upon trial the district court found
that defendant's grantor had purchased the property at
judicial sale, as alleged, and that while in the possession
thereof, subsequent to such purchase, and in the belief that
he was the owner, placed lasting and valuable improve-
ments thereon of the value of $791, for which he was
entitled to credit.   The court also refused to charge him
with the value of the rents and profits during the time of
his · possession.   From this decree plaintiff appeals, and
alleges that the district court erred—1st, In allowing de-
fendant for his improvements ; and 2d, In refusing to
charge him with the rents and profits; and the decisions
upon these two questions are now presented for review.

We think it pretty well settled that improvements made
by a purchaser in good faith upon real estate after fore-
closure of a senior mortgage, constitute an equity in favor
of such purchaser which will be protected as against junior
mortgagees.   It is quite probable that had not the im-
provements been made, plaintiff would not have sought to
compel a redemption.   The property was sold, presumably,
for all it would bring in the market at the time of its
sale, and purchased by Benson, defendant's grantor.   It
would seem to be against equity for a junior mortgagee to
remain passive until valuable improvements were made, and

then compel the purchaser in possession to redeem from his mortgage, or, in case of his inability to do so, resell the property, made more valuable by the improvements, without any allowance therefor. By the purchase at the foreclosure sale, Benson became the owner of the legal title held by the mortgagor at the time of the execution of the first mortgage to the New England Mortgage Security Company, and also of the equitable title or lien held by that company by virtue of its mortgage; and also entitled to the possession of the property by virtue of his ownership of the legal title. Under the rule stated in *Wetmore v. Roberts*, 10 How. Pr., 51, *Mickles v. Dillaye*, 17 N. Y., 80, and *Poole v. Johnson*, 17 N. W. Rep., 900, he was entitled to compensation for the improvements made, as an equity superior to that of plaintiffs. By the same authority, and the statutory provision of this state, he would not be required to account for rents or profits. The rule of the common law, that a mortgagee of real estate is entitled to the possession of the mortgaged property, is changed by the law of this state, and the mortgagor, in the absence of an agreement to the contrary, is entitled to such possession. Comp. Stat., Ch. 73, Sec. 55. The mortgage is but a lien. In his capacity as grantee of the mortgagor, Benson was entitled to the possession of the property without reference to the wishes of the mortgagee. Were he simply the mortgagor, he would not be entitled to compensation for improvements, for in that case he could not be said to have expended his money upon the faith of a perfect title. But being a purchaser, not only of the title of the mortgagor, but of the rights of the senior mortgagee, at a judicial sale upon a foreclosure of the senior mortgage, and in the belief of having acquired a perfect title thereby, he stands in a very different position from that which a mortgagor would occupy prior to a foreclosure. Defendant's possession was that of owner of the fee by his purchase at judicial sale. As between him and plaintiff, he was not chargeable with

the value of rents and profits while in possession.  *Renard v. Brown*, 7 Neb., 449.  And under the rule stated in *Poole v. Johnson*, 17 N. W. Rep., 900, as well as upon the application of the principles of equity, he would be entitled to credit for the value of such permanent improvements as actually increased the value of the property. Assuming that Benson purchased in good faith, believing he was getting a perfect title, and paying all the land would bring in the market, would it be right to say he should receive nothing for his improvements, if by such improvements the value of the land being increased to the extent of plaintiff's claim, it should be resold and that increased value given to plaintiff?   We think not.

The decree of the district court was correct, and it is affirmed.

DECREE AFFIRMED.

THE other judges concur.