JOSEPH GRAY v. MOSES PINGRY.

When there is a plea of *nul tiel record* in a case, the issue upon it can only be tried by the court; and if there is also an issue to the jury in the case, the issue to the court should be first tried.

The greatest strictness is required in pleading estoppels. Every fact, necessary to create the estoppel, must be alleged with the strictest certainty, and it must be alleged that all these facts appear by the record, which is vouched as an estoppel, and the plea should conclude by relying upon the estoppel. But if the matter of estoppel is pleaded merely as a plea in bar, and the plea is not demurred to, the court will consider it as sufficiently pleaded.

The form of pleading an estoppel in *Shelley* v. *Wright*, Willes 9, approved.

When a former adjudication is relied upon as having determined the entire merits of the controversy now in hand, it need not be pleaded as an estoppel, but is an equitable defence, and, in many actions, may be given in evidence under the general issue, and, when required to be pleaded in bar, is not required to be pleaded with greater strictness than any other plea in bar. REDFIELD, J.

But when the former trial is relied upon as settling some collateral fact, involved in the present controversy, it must, to be conclusive, be pleaded strictly as an estoppel, and the record vouched in support of the plea must contain, upon its face, evidence that the particular fact was in issue, and was found by the triers. REDFIELD, J.

And if such fact do not appear, by the record, to have been distinctly put in issue, and it becomes necessary to resort to oral evidence to show that it was involved in that controversy, the matter cannot be pleaded as an estoppel, but it becomes a subject for the jury to pass upon;—but, if it is proved that the fact was decided in the former controversy, that decision is binding upon the parties, and, of course, upon the jury. REDFIELD, J.

But if the former recovery, relied upon as a defence by plea in bar, was in reference to the same subject matter, now involved, was between the same parties, and the fact relied upon now was then put distinctly in issue, and was found by the triers, and this appears by the record, and no exception is taken to the form of pleading the estoppel, the estoppel is conclusive, notwithstanding there may be some formal differences between the present and former action.

THIS was a complaint for forcible detainer, under chapter 41, sections 15 and 16, of the Revised Statutes, and came to the county court by appeal from the decision of a justice of the peace. The complainant alleged, that, on the 11th day of May, 1839, he was seized of certain premises in Woodstock, describing them, and that on that day he leased the same premises, by written lease, to the defendant, for the term of eleven months from the 15th day of May, 1839, viz. to the 15th day of April, 1840, and that the defendant, on the 15th day of May, 1839, entered into possession of the premises, and that he wrongfully continued such possession, and refused, and still did, at the time of making the complaint, refuse, to quit the possession, although the complainant had, on the 24th day of June, 1841, demanded possession of the premises, in writing. The complaint was dated August 10, 1841.

The defendant pleaded the general issue, and also a plea in bar in these words;—" And for farther plea in this behalf, by leave, ' &c., the defendant says, that the plaintiff ought not to have or ' maintain his aforesaid action thereof against him, because he says ' that a judgment was rendered for the same cause of action, before ' the commencement of this suit, to wit, at the term of the county ' court begun and held at Woodstock, within and for the county of ' Windsor, on the last Tuesday of May, A. D. 1841; a record ' whereof remains in the county clerk's office ; and this the defend-' ant is ready to ' verify by the said record. Wherefore he prays ' judgment," &c. The defendant also pleaded, that, after the expiration of the written lease, he continued in possession of the premises by virtue of a lease by parol from the complainant for one year from the 15th day of April 1840, and that, for that time, no written lease ever existed.

To the first plea in bar of the defendant the complainant replied *nul tiel record ;* the second plea in bar was traversed, and issue thereon was joined to the jury.

On trial the defendant abandoned his plea of the general issue, and, in support of his second plea in bar, he gave in evidence the record of a judgment in his favor, rendered by the Windsor county court, at their May Term, 1841, upon a complaint against him by the present complainant, which was identical, in its terms, with the complaint in the present case, except that the complaint in that case

bore date September 29, 1840, and counted upon a detainer to that time, and alleged that the demand, in writing, of the possession of the premises was made May 21, 1840. It farther appeared, from the record in that case, that the trial was had upon an issue precisely similar to that joined in this case upon the defendant's second plea in bar, and that that issue was determined in favor of the defendant.

The county court decided that there was such a record as was set forth in the defendant's first plea in bar, and directed the jury to return a verdict in favor of the defendant. Exceptions by plaintiff.

*Tracy & Converse* for plaintiff.

In order to make the former judgment a bar, it must be for the same subject matter, decided upon the same point, sustained by the same proof, and embracing the same identical cause of action, and no other cause, and no part of any other cause, than the same which it seeks to bar. If the case, to which the estoppel is pleaded, contains any other matter, or thing, which could give the plaintiff any farther damages, and contains circumstances, or facts, different at all from the former judgment, the estoppel will not apply. 1 Stark. Ev. 198, 199. 2 Bl. Com. 827. 3 Wils. 304. 6 T. R. 607. 12 Johns. 313. 16 Johns. 136. 4 Conn. 276.

In this case the judgment pleaded was upon a complaint for holding over after the expiration of the eleven months, which expired April 15, 1840; and the recovery was defeated, on the ground that the plaintiff had, by parol, continued the lease one year longer. That suit was commenced Sept. 29, 1840, and before the year expired. The present action, it is true, counts upon the lease of 1839; but the complaint is, that the defendant held over from the expiration of that lease, viz. from April, 15, 1840, to the commencement of this suit,—which was Aug. 11, 1841,—and that notice to quit was given to the defendant June 21, 1841. Now most surely the former judgment could not cover any thing beyond the year next succeeding the 15th of April, 1840; for there was no pretence that the renewal of the lease was for any more than one year. It was, then, most manifestly, a wrongful holding over, after

the 15th of April, 1841; and that question had not been passed up-
on in the former case, as the former suit was commenced in Sep-
tember, 1840.

*J. Barrett* for defendant.

The only issue to the jury, on the first suit, was, whether the
premises were let to the defendant by parol, for the year next suc-
ceeding April 15, 1840. On this issue the jury returned a verdict
for the defendant. That same issue is made under the second plea
in bar in this suit, and is the only issue to the jury. Whatever
might have been the fate of the plea of *former recovery*, it was ab-
solutely necessary for the plaintiff to sustain this issue, in order to
entitle himself to recover. Rev. St. c. 41, § 15. But, on that
*same issue*, in the *former* suit, a verdict and judgment had been ren-
dered; and that judgment must be conclusive of the right of action
in this case. *Barney* v. *Goff et al.*, 1 D. Ch. 304.

The opinion of the court was delivered by

REDFIELD, J. This case seems to have been tried by a jury, in
the court below, without objection. This was, indeed, unnecessary,
and irregular in some respects. The issue formed upon the plea of
*nul tiel record* could only be tried by the court, and should have
been *first* tried, before it could be known that any issue for the jury
would remain in the case. For, if determined in favor of the de-
fendant, as it in fact was, nothing would remain for the jury to try.
We should not deem it necessary here to notice the subject, if the
trial, having passed under the revision of this court *sub silentio*, was
not liable to be thus drawn in precedent, in future trials.

The same reason, last stated, makes it necessary to advert, per-
haps, to the form of the defendant's first plea in bar. It alleges,
that the same matter had been determined in a former trial between
the same parties, without stating in favor of which party the case
was determined, and then concludes with a *prout patet per recordum*.
This plea is traversed; and is treated by both parties as a plea of
*estoppel*. The books all agree, that the greatest strictness is re-
quired in pleading estoppels. Every fact necessary to create the
estoppel must be alleged with the strictest certainty; and it must be
alleged that all these facts appear by the record, which is vouched

Gray v. Pingry.

as an estoppel; and the court then determine the matter, on inspec-
tion of the plea, if demurred to, or of the record, if that be denied.
Co. Litt. 352 b., Thomas's Arrangement, 3d vol. 431–433; 1 Chit.
Pl. 238–9. All pleas of estoppel must rely upon the estoppel in
conclusion. Co. Litt. 303 b., Thomas's Arrangement, 3d vol. 431;
1 Chit. Pl. 540. The case of *Shelley* v. *Wright*, Willes' R. 9, con-
tains an approved precedent of a plea of estoppel. But the plea in
this case not being demurred to, it remains to determine its merits.

It is not easy, without considerable labor, to extract, from the nu-
merous cases upon the subject, the precise doctrines which have
been settled upon the subject of the effect of a former verdict, or
judgment, between the same parties, touching all or any portion of
the matters again at issue. Perhaps the following corollaries are
fairly deducible from all the cases, which will be found to embrace
most of the principles involved in the subject.

1. There is always to be observed this distinction, between a
former adjudication, when it is relied upon as having determined
the entire merits of the controversy now in hand, and when it is
brought forward only as settling some collateral fact involved, and
which might have been merely incidental to the former controversy,
that in the former case the defence is never required to be pleaded
strictly as an estoppel, while it always is in the latter case. *Staf-*
*ford* v. *Clark*, 2 Bingham 377, [9 Eng. Com. Law R. 437;] 3
Stark. Ev., 3d Lond. ed., 960, 961. The former defence is not by
way of estoppel, but only an equitable defence, like payment, release,
or accord and satisfaction, an award, or account stated, all which
matters, as well as a former recovery, may be given in evidence
under the general issue in debt, or assumpsit, trover, or trespass on
the case; and in trespass, or covenant, need only be pleaded like any
other plea in bar, and not as an estoppel. It is not essential to the
defence of a former recovery, that the plaintiff should have prevailed
in the former suit, but only that the trial should have been upon
the merits.

2. Where the former trial is relied upon, as settling some col-
lateral fact involved in the present trial, it must appear by the record
of the former judgment, that that fact was put distinctly in issue by
the parties in that case, and that it was determined by the triers.
*Vooght* v. *Winch*, 2 B. & A. 668; *Fairman* v. *Bacon*, 8 Conn. R.

418. This last requisite of an estoppel by matter of record, that it should appear, *by the record vouched,* that the particular fact was in issue and found, is determined by the cases of *Outram* v. *Morewood,* 3 East 345, *Hopkins* v. *Lee,* 6 Wheaton R 109, and *Jackson* v. *Wood,* 3 Wendell, 27.

3. But if such fact do not appear by the record to have been distinctly in issue and determined, or if the matter be not properly pleaded as an estoppel, it is said the record and finding in the former trial are evidence, but not conclusive. *Wright* v. *Butler,* 6 Wend. 284; *Standish* v. *Parker,* 2 Pick. 20; *Parker* v. *Standish,* 3 Pick. 288; *Spooner* v. *Davis,* 7 Pick. 147; *Vooght* v. *Winch, ubi sup.; Outram* v. *Morewood,* and many others. Upon this last subject there is, no doubt, as is said by Mr. Starkie, no inconsiderable difficulty. 3 Stark. Ev. 958. I profess myself utterly at a loss to find, from all the cases upon the subject, what rule can be laid down for determining the effect of a former verdict upon the same facts, if it is to have any effect in a future litigation, and is not conclusive. Some learned judges have said, " it is evidence," " stringent evidence," " pregnant evidence," and there the matter rests. My own opinion. is, that the former finding, even when it is necessary to resort to *oral* evidence to ascertain that the fact in dispute was involved in the former controversy, is still conclusive upon the parties, and of course upon the jury. But it cannot be pleaded as an estoppel, and must of course go to the jury; and, as it rests *in pais,* for the jury to find whether the disputed fact was determined by the former trial, the jury, by refusing to find *that fact,* which rests in their discretion, always have it in *their power* to disregard the former verdict; in that sense, therefore, it is not conclusive, as it is when the matter appears upon the record, and may be determined by the court.

4. It is said, in all the books, that estoppels must be pleaded, and that if not, they are waived, but that, if the party has no opportunity to plead the matter, he may give it in evidence, and it will be equally conclusive. This, I have no doubt, is correct, on the same ground that certain other defences in certain actions are required to be specially pleaded, as for example the statute of limitations. But I profess myself utterly opposed to the reason, which has been handed down to us for requiring this strictness of pleading in

regard to estoppels of record, that is, that " estoppels are odious," " not to be favored," " because they shut out the truth." This last clause seems to contain the pith of the whole matter, the hinge upon which all the *odium* turns,—" because they shut out the truth ! " If it were said that they shut out *litigation*, or *controversy about truth*, I could comprehend the force of the maxim; but by what species of logic it is made to appear that a second contestation of the same matter, after the lapse of considerable time, and the uncertainty which time always brings, more or less, upon all past transactions, is to be made more sure of resulting in the truth, is quite beyond my comprehension. I hold, that the entire doctrine of the conclusiveness of former adjudications, not only as to the merits of the controversy, but as to all facts distinctly put in issue, and found by a tribunal of competent authority, instead of being an odious doctrine, is one of the most salutary and conservative doctrines of the law. Well has the maxim been appropriated to this subject,—*Interest reipublicæ sit finis litium.*

From what has been said, it will be apparent that in the present case the estoppel was conclusive. It seems to possess all the necessary requisites. 1. It is the same subject-matter. 2. It is between the same parties. 3. The fact relied upon was put distinctly in issue in the former case and found by the triers. 4. *This appears by the record.* 5. No exception is taken to the form of pleading the estoppel.

Judgment affirmed.