## LEONARD ATWOOD *v.* WALTER ROBBINS.

### *Conclusiveness of Judgments. Evidence.*

In an action for a trespass on the plaintiff's land committed in 1859, the defendant pleaded a right of way over the land, and gave evidence tending to support such right.   The court ruled after the arguments were closed, that the evidence did not support the plea, because the right pleaded was more general than that attempted to be proved.   The defendant thereupon obtained leave to amend his plea, on condition of the payment of costs, and the cause was continued under a rule that, if the costs were not paid within thirty days, judgment should be rendered for the plaintiff for nominal damages and costs.   The costs were not paid nor the amendment made, and judgment was accordingly entered for the plaintiff.   In another action between the same parties for a similar trespass in the same place, committed in 1860, in which the defendant pleaded and sought to prove the same right of way; *Held,* that the former judgment was conclusive against the defendant's claim, and that the identity of the matters in dispute in the two cases might be shown by parol evidence.

TRESPASS *quare clausum fregit.*   The defendant pleaded the general issue, with notice that the defendant's son owned a right of way over the plaintiff's close to and from certain land belonging to the defendant's son, for the purpose of entering thereon to cut hay and to carry off the same, and that the defendant committed the alleged trespass in the legal and proper use of such right of way in the employment and business of his son in connection with such land.   The cause was tried by jury at the December Term, 1861, PIERPOINT, J., presiding.

The plaintiff gave evidence tending to show title in himself to the premises in question, and that the defendant in the summer of 1860 crossed over the plaintiff's close with teams, and drew hay over the same.

The defendant relied on the right of way set up in his notice of special matter in defence, and introduced evidence to show that such right existed.

The plaintiff introduced, against the objection of the defendant, the files, record and docket entries of a suit in his favor against the defendant in the Addison County Court, in which final judgment was recovered at the June Term, 1860, of that court, and proved in connection therewith that the trespasses sued for in that action and proved on the trial thereof, were for enter-

Atwood v. Robbins.

ing by the defendant of the same close of the plaintiff now in question, in 1859, and crossing it with teams by the same route as shown in the present case, for the purpose of cutting and getting hay on the same land of the defendant's son referred to in the present case; that the defendant under his special notice in that case gave evidence tending to establish the same right of way now claimed by him in the route, and as appurtenant to the same land, and for the same purpose, that of getting off hay; and that the existence of such right, as acquired by user, was the sole question litigated in that case; that after the evidence was closed and the case had been argued to the jury, the court ruled that the evidence did not support the plea, inasmuch as the right set up was more general than the right attempted to be proved; that thereupon the counsel for the defendant moved for leave to amend the plea, which motion was granted on payment of costs, and the case was continued under a rule that if the costs were not paid within thirty days, judgment should be entered up as of that term for the plaintiff for nominal damages and costs; that the costs were not paid nor the amendment made, and that judgment for the plaintiff was entered up accordingly as of the June term, 1860, and execution was issued thereon.

The plaintiff, among other things not material to be reported, requested the court to instruct the jury that the judgment between the same parties in the former suit, in regard to the same right of way, was conclusive against the defendant, and that therefore the verdict should be for the plaintiff.

The court declined so to instruct the jury, but charged them that the former judgment and the evidence relating to it was not to be considered by them. To this decision, as well as to other points in the charge not material to be reported, the plaintiff excepted.

*E. N. Briggs* and *E. J. Phelps*, for the plaintiff.

*J. W. Stewart* and *Daniel ⲣRoberts*, for the defendant.

POLAND, CH. J. We are all agreed that the record of the former recovery by the plaintiff against the defendant, and the

facts proved in connection with it, ought to have been held con-
clusive upon the defendant, as to the right of way set up by him
to the present action.

We do not regard the former judgment as binding or conclu-
sive upon the evidence that had been introduced by the respect-
ive parties, but only as a judgment by the confession or consent
of the defendant, and as if rendered by default, or *nil. dicit.*
The fact that the parties had actually gone on to a trial, and
introduced all their proofs, we regard as important only in this
view, that it now enables the plaintiff in this action to show
conclusively precisely what his claim was in the former action,
and also the ground upon which the defendant in the former
action asserted a right to do the act for which he was then sued.
Had no evidence been introduced on the former trial, and the
plaintiff had obtained a judgment by default in the ordinary way,
that might have been difficult, but as the whole subject of the
respective claims of the parties was shown in court, the proof of
identity is made clear of any doubt.

Had the former trial proceeded to a verdict or judgment in
favor of the plaintiff upon the evidence given. it is not denied
that such verdict or judgment would have concluded the defen-
dant in any subsequent action where the same right of way was
again brought in question.

And if the defendant saw fit to submit to a judgment against
himself, without trial, we see no ground to doubt that such judg-
ment is equally conclusive upon him.

The evidence introduced in connection with the record of the
former judgment proved, that that suit was brought to recover
damages against the defendant for an act of the same character
as that for which the present suit is prosecuted, and that it was
done by the defendant and claimed to be justified by the same
right of way under which the defendant attempts to justify his
act in the present action.

If the case, therefore, had been determined by a judgment
or verdict founded upon the proofs of the parties, it would
have been a decision of the precise point in controversy in this
action.

But by submitting to a judgment, without trial, the defen-

dant confessed the same thing, that he committed the trespass alleged, and that he had not at the time any lawful justification for it.

The production of the record alone would not be sufficient to show a defence to this action. It might be that the act of trespass alleged in this suit was upon a different portion of the close from that complained of in the former suit. The defendant might not have had any legal justification for the act of trespass in the first suit, but might have acquired one before this last was committed. In short, the record alone did not show that the two acts were identical, either in the place where they were committed, or that both were done in the assertion of the same right of way claimed by the defendant.

But all this was unquestionably shown by the evidence on the trial; the identity of the place, and character of the act, and the assertion of the same right by the defendant in both cases.

If such evidence was admissible to show the real subject matter upon which the plaintiff obtained the former judgment, there would seem but little reason to doubt its final and conclusive effect.

The ancient doctrine of the law seems to have been that a former judgment was conclusive only upon questions that appeared by the record to have been in issue directly, or necessarily included in the finding upon the issue that was formed, and upon which the judgment was rendered. But it seems now fully settled in this country, that where, by reason of the general form of the declaration, or other pleadings, it does not appear from the record what the precise subject matter of the suit or the precise point litigated was, parol evidence is always admitted to show it, and that when thus shown clearly, the judgment is equally as conclusive as if the record itself showed the same fact.

This evidence of identity may raise a question of fact, upon which the case may go to the jury, but, when established, the former decision becomes conclusive in a subsequent action when the same matter is again brought in question.

We have no occasion to go over the decisions on this subject, as the cases in this state have gone as far as those of any state in allowing the introduction of parol evidence to explain the

former judgment, and its conclusiveness when shown.    We would refer to *Isaacs* v. *Clark*, 12 Vt. 692 ; *Gray* v. *Pingry*, 17 Vt. 419 ; *Perkins* v. *Walker*, 19 Vt. 144.

If the defendant relied on what he now says might have been true, that the last act of trespass was in a different place from the former, or that he had acquired a right to do the latter, which he had not to do the former, he should have encountered the plaintiff's proof to show the identity of the acts as to place and character, and of the right under which he claimed to act.

The slight differences between the declarations and special notices in the two actions, we do not regard as at all important in the decision of this question.

It seems to us to stand upon this plain ground :    The defeneant claimed a right of way over the plaintiff's close, and travelled there with his teams.    The plaintiff, to test this right, brought an action for crossing his close, and the defendant allowed judgment to be taken against him.    Afterward, in the assertion of the same right, the defendant again crossed the plaintiff's close in the same manner as before.    Can he by consenting to a judgment against himself, retain a right to litigate the same question as to his right to cross the plaintiff's land ? We think not, any more than if his right had been litigated and decided against him.

We do not decide the other questions, as the decision of this question is apparently decisive of this case.

Judgment reversed and case remanded.