## GARDNER H. KEZAR v. WILLIAM G. ELKINS.

### Judgment.    Sheriff's Sale.    Notice.

In trover it appeared that defendant acquired such title as he had to the property in question by purchase at a sale on execution on judgment by default against plaintiff on a declaration by E. in the common counts in assumpsit. Plaintiff offered to show whether the judgment included the whole of E's claim, and that when judgment was rendered he had an offset against such claim that was not considered in the judgment. *Held*, that the judgment was conclusive of such claims only as were in fact submitted on the part of the plaintiff or pleaded in offset by defendant, and that the evidence was admissible.

If, when property is sold on execution, the judgment whereon execution was issued has been paid, and the purchaser knows or has reason to know it, the sale gives no title.

TROVER for five horses, &c. Plea, the general issue, and trial by jury, April Term, 1878, Franklin County, ROYCE, J., presiding.

The defendant admitted the taking of the property in question, but claimed title thereto through a sheriff's sale thereof to him on an execution against the plaintiff in favor of William P. Ewins. It appeared that Ewins had recovered judgment against the plaintiff by default on a declaration in the common counts in assumpsit, and that the property was in fact sold to the plaintiff by the sheriff, on execution issued on the judgment. The plaintiff claimed, and offered to prove, that the judgment was paid by use of the property, &c., before the property was sold, and that the sale to the defendant was under an agreement with the defendant that the defendant should bid in the property for the benefit of the plaintiff. The defendant claimed, and offered to prove, the contrary. It appeared that after the property was taken on execution it was agreed between the plaintiff and Ewins that the property should be used by Ewins, and that a reasonable sum should be allowed for the use of it and applied on the debt of the plaintiff. The bill of exceptions stated that the amount of the plaintiff's indebtedness " was in dispute and became a material question in the trial of this case."

Ewins, who was introduced as a witness by the defendant, was asked on cross-examination whether the judgment in his suit against the plaintiff was for the whole of his claim. The defendant objected thereto, and the evidence was excluded; to which the plaintiff excepted. The plaintiff offered to prove that at the time of the rendition of judgment he had an offset against Ewins's claim which was not considered or deducted in making up the judgment. To the admission of such evidence the defendant objected, for that the judgment was conclusive of all matters between the parties thereto up to that time, and the court excluded the evidence; to which the plaintiff excepted.

The court charged that if it was admitted that the plaintiff had paid Ewins before the sale, the question, " How does that affect the title of Elkins?" would arise, and that " even if the jury should find the fact of payment, unless Elkins knew the fact, his title would not be defeated by the fact of payment." The court was then interrupted by counsel for the plaintiff, who said, " or had reasonable cause to know." The court then resumed, " Or if he had reasonable cause; . . . but I am inclined to charge you, as the law governing the case, that even if you should find there was a settlement, and that this judgment . . . had been paid, . . . that that does not defeat Elkins's title as purchaser, . . . unless Elkins, at the time he made the purchase, knew the fact that Kezar had paid that judgment." To the charge upon this point the plaintiff excepted.

*Davis & Stevens* and *George A. Ballard*, for the plaintiff.

The plaintiff's claim in offset could not have been concluded by the judgment.

After extinguishment of the judgment, the sale on execution would be void, whether the purchaser had notice or not. But it certainly would be void if he had notice, or reasonable cause to know the fact. *Swan* v. *Saddlemire*, 8 Wend. 676; *Craft* v. *Merrill*, 14 N. Y. 456; *Hammatt* v. *Wyman*, 9 Mass. 137, and cases *passim*.

*H. S. Royce*, for the defendant.

The testimony offered to impeach the judgment was properly excluded. *Porter* v. *Gile*, 47 Vt. 620.

The charge is sustained by authority. *Janes* v. *Martin*, 7 Vt. 92; *Wood* v. *Doane*, 20 Vt. 612; *Packard* v. *Wood*, 4 Gray, 307. The New York cases cited by the plaintiff arose on sales of real estate on execution under statute. *Hammatt* v. *Wyman*, did not involve the question raised here. See *Wood* v. *Calvin*, 2 Hill, 566; *Woodcock* v. *Bennett*, 1 Cow. 711; *Luddington* v. *Peck*, 2 Conn. 700; *Twitchell* v. *Shaw*, 10 Cush. 46; *Wilmarth* v. *Burt*, 7 Met. 257.

The opinion of the court was delivered by

REDFIELD, J. Ewins had recovered judgment against the plaintiff, and the property sued for was in our legal form sold by the sheriff on the execution issued on said judgment. The plaintiff claimed that the judgment had been paid, and that the sale to the defendant was by arrangement with defendant that he should bid in the property for the benefit of the plaintiff.

I. The plaintiff offered to show that at the time of the rendition of said judgment he had a claim in offset against said Ewins's claim which was not considered or deducted in making up said judgment; the court excluded the evidence, on the ground that the judgment was conclusive upon all matters of claim between the parties up to that time. It is certain that a claim in offset would not be concluded by a judgment when it was neither pleaded, considered, nor deducted in making up the judgment. It has often been decided in this State that in actions of general assumpsit in the common counts the judgment is conclusive only of such claims and items of claim as were in fact submitted and adjudicated; and evidence *aliunde* is admissible to prove what claims and items the judgment embraced. In the absence of any specification, it would be presumed, *prima facie*, that all items of claim upon which plaintiff might recover in the common counts, were considered and merged in the judgment. But the plaintiff would have no right to include in the judgment any proper offset of the de-

fendant, unless the defendant appeared and pleaded such offset; and there can be no presumption that such offset was pleaded, especially as the record shows that the defendant did not appear, and judgment was rendered on default of an appearance. *Squires* v. *Whipple*, 2 Vt. 111; *Gray* v. *Pingry*, 17 Vt. 419; *Atwood* v. *Robbins*, 35 Vt. 530; *Barney* v. *Goff*, 1 D. Chip, 304. The exceptions state that the amount of the indebtedness from the plaintiff to Ewins " was in dispute, and became a material question." We think it was error to exclude proof of the items on which the judgment was founded; and whether all, or a part, of his claims of indebtedness were merged in that judgment.

II.  The court charged the jury in substance that if the judgment had been paid prior to the sale to Elkins, it would not defeat Elkins's title, unless, at the time of his purchase, he knew that the judgment on which the execution issued had been paid and satisfied; and that this would be so, although Elkins had " cause to know " and reason to believe that the judgment for the satisfaction of which the property was being sold on execution, had before that been fully satisfied and paid.  The officers of the law are justified in acts done in good faith under process " good on its face."  But process that is void can protect no one, although apparently good; hence, there has been much discussion upon the line of distinction between what is void and what is merely voidable.  Some cases hold that unless the judgment is satisfied of record, the execution regularly issued justifies the officer in all acts done under it, and consequently would render valid any sale of property upon it. Other cases hold that if the judgment, as between the parties, is satisfied, there is nothing to uphold the execution, and it does not justify the officer in attempting to execute it.  We think it clear that the use of the property by Ewins, which he agreed to have applied in payment of the plaintiff's indebtedness to him, if it was expected that the parties were thereafter to compute and adjust the accruing use, and make the application, would not extinguish the judgment until the application had been made, and the sale upon the execution would, in such case, be valid.  But if the judgment had been paid and satisfied, either in money or other

executed consideration, and the purchaser had good reason to know the fact, he is affected with notice ; and the purchase of property on an execution known to the buyer to have been fully satisfied, is in bad faith and invalid.

The case of *Pierson* v. *Gale*, 8 Vt. 509, makes the true distinction, and indicates the true rule. In that case the execution had been paid and surrendered as the evidence of payment, which the court seemed to regard as equivalent to a discharge of record. But it seems to us, the satisfaction and payment of an execution, so that it should be held to have lost all vitality as a process, depends not so much upon the nature and kind of evidence, as upon the fact of payment. It must not depend on offset, or an executory agreement to apply certain claims in satisfaction. The agreement must have been executed, so that the debt of which the execution is the evidence, is satisfied and extinguished. The unqualified statement in the charge of the court on this point, we think was error.

*Judgment reversed, and cause remanded.*