LOWRIE & ROBINSON LUMBER CO. *v.* CAMPBELL AVENUE
METHODIST EPISCOPAL CHURCH.

1. EQUITY—PLEADING—PLEA PUIS DARREIN CONTINUANCE.
  In a suit to enforce a mechanic's lien wherein defendant filed
  a plea of former adjudication and complainant by a plea in
  the nature of a plea *puis darrein continuance* set up the fact
  that the judgment relied upon by defendant had been vacat-
  ed since the last continuance, the issue was one of law for
  the court.

2. JUDGMENT—RES JUDICATA—VACATING DECREE.
  That the decree of a court of chancery, previously entered in a
  distinct suit, had been vacated on complainant's motion
  made after the filing of his bill of complaint, sufficiently
  answered defendant's contention that the claim had been ad-
  judicated by such decree.

Appeal from Wayne; Murphy, J. Submitted January
17, 1912. (Docket No. 89.) Decided May 31, 1912.

Bill by the Lowrie & Robinson Lumber Company
against the Campbell Avenue Methodist Episcopal
Church and others for the enforcement of a mechanic's
lien. From an order sustaining a plea to the bill of com-
plaint, complainant appeals. Reversed.

*Ralph B. Wilkinson*, for complainant.

*Walter M. Trevor*, for defendants.

McALVAY, J. Complainant, a Michigan corporation,
engaged in Detroit in the business of selling lumber at
retail, sold and delivered certain lumber, between October
3, 1908, and September 10, 1909, to E. Lampman & Son,
contractors, who were erecting a church building for de-
fendant M. E. Church upon its property. This lumber
was actually used in the construction of the building.
The complainant having duly and regularly filed its state-
ment of account and claim of lien on November 8, 1909,

within 30 days after the said lumber was furnished, as provided by law, later, on November 5, 1910, began proceedings to foreclose the same by filing its bill of complaint in this suit, together with a notice *lis pendens*, filed with the register of deeds of Wayne county, as provided by law, to continue its lien pending such proceedings, naming as defendants all parties interested; and subpoenas were issued and served upon defendants.

On November 23, 1910, the appearances of defendants M. E. Church and Lampman & Son were entered. Later, on January 25, 1911, time by stipulation having been extended therefor, the defendants respectively filed pleas to the bill of complaint of a former adjudication. Complainant, on May 4th and 13th, filed pleas in the nature of pleas *puis darrein continuance,* and these defendants then moved to strike these pleas from the files. The court after a full hearing, by an order and decree, overruled the complainant's pleas and sustained the pleas of defendants, giving complainant time to join issue upon the pleas, or to move for leave to amend its bill, which order was signed, filed, and entered May 11, 1911. From this order complainant has appealed.

The allegations set up in defendants' pleas, relied upon as a former adjudication, were to the effect that the Deman Bros. Company, on January 26, 1910, commenced suit for the enforcement of a claimed mechanic's lien against the same property, among others making complainant a party, and upon a subpoena, duly issued, the return shows service February 1, 1910; that complainant failed to appear and answer, and the bill was taken as confessed by it on November 28, 1910; that on the same date, certain of the other defendants consenting, a decree was entered in favor of Deman Bros. Company for the amount of its lien, which decree, among other things, contains the following, which is the part relied on:

"It is further ordered, adjudged, and decreed that the said defendant Lowrie & Robinson Lumber Company, a Michigan corporation, has no right of lien against the

premises of said defendant Campbell Avenue M. E. Church, and that the lien heretofore filed against the property of said defendant church shall be, and the same hereby is, dismissed and declared to be null and void."

In the Deman Bros. Company case, no notice *lis. pendens* was filed to preserve the lien. A motion was later made by defendant Lowrie & Robinson Lumber Company, complainant in this suit, before the Honorable George S. Hosmer, circuit judge, who had heard the case and rendered the decree therein, to vacate that part of the decree, above quoted, relative to the lien of the complainant herein, which motion was granted March 10, 1911, as follows (omitting formal parts):

"A motion to vacate the decree heretofore entered in this cause as to the Lowrie & Robinson Lumber Company having come on to be heard, Wilkinson & Younglove appearing for Lowrie & Robinson Lumber Company, Walter M. Trevor for the Campbell Avenue M. E. Church and E. Lampman & Son, and no one appearing for Deman Bros. Company, after due service on them of notice of this motion, the court, after listening to the arguments of counsel, doth order, adjudge, and decree that so much of the decree heretofore entered in this cause as refers to the lien and claim of the Lowrie & Robinson Lumber Company be, and the same is hereby, vacated."

This is the order and decree relied upon by complainant in his pleas in the nature of pleas *puis darrein continuance*. These answers of complainant to defendants' pleas of a former adjudication in bar of the action were filed and brought to the attention of the court before the order from which complainant appeals was granted.

This pleading of complainant, by whatever name it is called in the record, must be considered as a reply to the pleas of defendants. No question is raised as to the form of the pleading, or that it insufficiently pleaded the fact that "since the last continuance" the decree relied upon in the pleas, in so far as material to the issue, had been vacated and set aside; and that such was the fact is not disputed. The situation then presented no question of

fact. It was the same as if *nul tiel* record had been the reply, upon which the pleas must be determined as a matter of law. 9 Enc. Pl. & Prac. p. 627 *et seq.; Gray v. Pingry*, 17 Vt. 419 (44 Am. Dec. 345).

The reply of the complainant was a complete answer to the claim that there was at that time a former adjudication which was a bar to its action; and the court should have so determined by overruling defendants' pleas. Other questions are presented which are vitally important to the final determination of the case. The only question presented by defendants' pleas has been decided by us against their contention. The other questions will all be reached upon a hearing on the merits.

The order and decree of the circuit court is reversed and set aside, with costs to complainant. A decree will be entered in this court in accordance with this opinion, allowing defendants 20 days in which to answer complainant's bill of complaint.

MOORE, C. J., and STEERE, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.